The State v. Sevier.

Filed Feb. 15, 1889.

---

No. 14,683.

THE STATE v. SEVIER.

CRIMINAL LAW.—*Exemption of Defendant from Costs.*—Under section 1838, R. S. 1881, the jury may be instructed that if they find the defendant guilty, they may, in their discretion, exempt him from all costs.

SAME.—*Intoxication in Public Place.*—*Unintentional Intoxication.*—Under section 2091, R. S. 1881, one who is found in any public place in a state of intoxication is guilty of a misdemeanor, without regard to whether the condition of intoxication be produced by appetite or mistake, or result from too closely following the prescription of a physician preparatory to having teeth extracted.

From the Sullivan Circuit Court.

*L. T. Michener*, Attorney General, *W. C. Hultz*, Prosecuting Attorney, and *O. B. Harris*, for the State.

*W. C. Barrett, J. T. Hays, W. S. Maple* and *J. C. Chaney,* for appellee.

BERKSHIRE, J.—This was a prosecution originating before a justice of the peace. There was a conviction before the justice and an appeal taken to the circuit court, a trial had in that court and an acquittal.

The State appeals upon a question reserved as provided in the third clause of section 1882, R. S. 1881.

The appellee is charged in the affidavit with a violation of section 2091, R. S. 1881, which reads as follows:

" Whoever is found in any public place in a state of intoxication shall be fined any amount not exceeding five dollars."

There are two errors assigned: 1. The court erred in giving to the jury instruction number four. 2. The court erred in giving to the jury instruction number five.

The fourth instruction is, in substance, that if the jury find the defendant guilty, they may, in their discretion, exempt him from all costs.

This instruction, we think, was proper and within section 1838, R. S. 1881.

Counsel for the State contend that this section ought to be construed with other sections of the statute, and, when so construed, that it does not authorize the court or jury trying the cause to excuse the defendant, when found guilty, from the payment of costs.

The whole section reads thus: " When the defendant is found guilty, the court shall render judgment accordingly; and the defendant shall be liable for all costs, unless the court or jury trying the cause expressly find otherwise."

Unless the latter clause of the section authorizes the court or jury trying the cause to find the defendant guilty and relieve him from the payment of costs, then it is meaningless. The construction contended for, if adopted, would, in effect, repeal that much of the section.

o

We will set out the fifth instruction:

" If you find from the evidence that the defendant was advised by a reputable and practising physician to take intoxicating liquors as a means preparatory to having his teeth extracted, and, in pursuance of such advice and in good faith, he took stimulants according to the direction of his family physician, that he accordingly did have his teeth extracted, and the stimulants thus taken for that purpose caused him, in good faith, to become in a state of intoxication in a public place, such would not be a crime within the spirit or meaning of the law punishing public intoxication. Hence if you find from the evidence that at the time and place alleged, mentioned in the affidavit, the defendant was intoxicated, and you further find that it was produced in the manner above stated, you should find the defendant not guilty."

This instruction was erroneous.

The offence does not consist in being found in a state of intoxication, but in being found in a public place in a state of intoxication. It is therefore wholly immaterial as to the circumstances which lead to the condition of intoxication; it may be the result of appetite, or it may be the result of mistake, or it may come from following too closely the prescription of a physician. But be that as it may, so long as the person so intoxicated is not found in a public place there is no violation of the law.

Upon the other hand, if, while in a state of intoxication, a person is found voluntarily in a public place, the offence against the law is complete.

The purpose of the law is to protect the public from the annoyances and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition.

The appeal is sustained, at the costs of the appellee.

Filed Feb. 15, 1889.