MILES *v*. STATE OF INDIANA.

[No. 30,805. Filed June 3, 1966.]

*McNutt, Hurt & Blue,* of Martinsville, for appellant.

*John J. Dillon,* Attorney General, *David S. Wedding,* Deputy Attorney General and *Richard D. Bray,* Prosecuting Attorney, for appellee.

RAKESTRAW, C. J.—The appellant was tried and convicted of being intoxicated in a public place, and fined $10.00 and the costs of the action.

The evidence most favorable to the judgment indicates that the state trooper who was looking for the appellant in his tractor-trailer rig was driving north on State Road 37

about three miles north of Martinsville, Indiana, when he observed the rig parked on the berm on the west side of the road headed south. He turned around and drove in behind the rig. He got out of his car and approached the cab on the driver's side. He could see the appellant through the open window. The engine on the tractor was running and the tractor and trailer were parked on the berm approximately two feet from the edge of the pavement. The appellant was slumped over the wheel with his head down. He spoke to the appellant, and the appellant answered and raised his head. He asked to see the appellant's driver's license and the appellant replied and showed his license. He then asked the appellant if he would step out of the truck and the appellant answered that he would and did step from the truck. The officer observed signs of intoxication, and proceeded to arrest the appellant for public intoxication.

On appeal, the appellant contends that the testimony of the only state's witness, the state trooper, should have been suppressed on the appellant's motion or stricken from the record on the appellant's motion on the ground that such evidence was obtained by means of an "illegal search." The appellant argues that the officer had not seen a crime committed in his presence, that therefore his request to the appellant to step out of the truck was unlawful, and that as a result thereof the arrest was improper. He argues that the facts constituted an "illegal search" and that therefore all of the evidence connected with it should have been suppressed.

It is difficult for us to understand how there could have been an illegal search under the facts of this case. The evidence reveals no search of the appellant or no search of his vehicle. He was simply observed through the open window of his vehicle, was asked to show his driver's license and was asked to step from the vehicle. He apparently complied with both requests willingly and without objection. There is no indication he was forced to do anything against his will.

Clearly law enforcement officers have a right and duty to make a reasonable investigation of situations which pose possible hazards for motor vehicle traffic. Here the officer had apparently been informed of a situation involving some danger. The truck was parked very near the traveled portion of a heavily traveled highway. The motor was still running. Such a situation seems to demand investigation not only for the safety of others but for the possible safety of the driver himself. Taking the testimony most favorable to the state, it appears that the officer did make a reasonable investigation, and made it in a polite and considerate manner.

The appellant next argues that the finding should be reversed because the evidence shows that the appellant was in his truck cab, and was therefore not in a public place. While there are few authorities on the subject, there is some authority to uphold a conviction under this statute of a person in a motor vehicle at the time of the arrest. *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294.

Taking the situation as shown by the record, the appellant was in the cab of a truck with the window open, approximately three or four feet from the traveled portion of a busy highway. Under these circumstances, we hold that the appellant was in a public place within the meaning of the statute involved.

Since we find no error in the proceedings below, the judgment of the trial court is affirmed.

Arterburn and Myers, JJ., concur. Jackson, J., dissents. Achor, J., not participating.

NOTE.—Reported in 216 N. E. 2d 847.