STATE of Indiana, Appellant (Plaintiff below),

v.

Homer CULP and Rex Bouse, Appellees (Defendants below).

No. 2–981A330.

Supreme Court of Indiana.

April 5, 1983.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

David A. Feeback, Edris, Brown & Johnson, Bluffton, for appellees.

ON PETITION TO TRANSFER
Petition To Transfer Denied.

HUNTER, Justice, dissenting to Denial of Transfer.

I believe that the petition to transfer should be granted in this case and the opinion of the Court of Appeals vacated, *State v. Culp,* (1982) Ind.App., 433 N.E.2d 823. I agree with Chief Judge Buchanan's dissenting opinion holding that generally the hallway of an apartment building must be considered a "public place" within the meaning of Indiana's public intoxication statute. Even though the apartment building is privately owned property, it is not a private residence. Certain areas of any apartment building, including the common hallways, must of necessity be open to the public, which includes the other residents, their guests, individuals serving the residents, and others who wish to observe the premises for possible future business with the landlord. These common areas must be maintained as accessible to all and may not be used for any private purposes by any one individual tenant.

The right of each individual tenant to maintain his privacy is within his own apartment, whereas the common areas are not private but public. The apartment

building is privately owned commercial property as it is being operated by the landlord to further his commercial interests and cannot be considered to be a private residence. In the instant case, a woman who was trying to get to one of the upstairs apartments was prevented from going up the stairway by the defendants. As the state points out, defendants' behavior in this situation comes precisely within the kind of conduct that the public intoxication statute seeks to deter.

"The purpose of the law is to protect the public from the annoyances and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." *State v. Sevier,* (1889) 117 Ind. 338, 340, 20 N.E. 245, 246–247.

For all of the foregoing reasons, I would grant transfer, vacate the majority opinion of the Court of Appeals and adopt Chief Judge Buchanan's dissenting opinion. I would also reverse the judgment of the trial court and reinstate the convictions of the defendants.