**Patricia M. ATKINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–982A304.

Court of Appeals of Indiana, Second District.

June 30, 1983.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Patricia M. Atkins (Atkins) appeals her conviction of public intoxication, I.C. 7.1–5–1–3 (Burns Code Ed., Supp.1982). She raises two issues on appeal:

1. whether a passenger in an automobile traveling on a public highway is in a public place; and,

2. whether the evidence is sufficient to support her conviction.

We affirm.

I.C. 7.1–5–1–3 states:

"It is a class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication."

■ Atkins was a passenger in an automobile traveling on a public highway when it was stopped by police officers. Subsequently, the driver and the seven passengers were requested and did exit the automobile. Atkins argues she was not "in a public place" because she was *in* a private automobile until she voluntarily exited the vehicle at the officer's request.

Atkins' specific argument was rejected in *Miles v. State*, (1966) 247 Ind. 423, 216 N.E.2d 847 where our supreme court held a person *in* a motor vehicle stopped along the traveled portion of a highway was in a public place.[1] Therefore, the facts surrounding Atkins exit of the automobile are irrelevant. So, too, are the facts as to the vehicle moving or not moving and its windows and doors being closed or not closed.

We are not persuaded by Atkins' argument that the statute which criminalizes intoxication in or upon a common carrier, public transport, or depot, station, etc., I.C. 7.1–5–1–6 (Burns Code Ed., Supp.1982), evidences a legislative intent not to expose persons to criminal liability for being intoxicated as a passenger in a private vehicle. This argument is also answered by *Miles* because public intoxication in or upon a common carrier, public transport, or depot, station, etc. was criminalized by Burns Stat. § 12–616 (1956 Repl.). Therefore, the legis-

---

1. We are cognizant of the case law holding intoxicated passengers in private vehicles are not "in a public place" within the meaning of public intoxication statutes as expressed in *Brown v. State*, (1955) Ala., 38 Ala.App. 312, 82 So.2d 806, and *Atkins v. City of Tarrant City*, (1979) Ala.Cr.App., 369 So.2d 322.

    However, in Indiana, the legislature's silence evidences its acquiescence in the existing judi-cial interpretation of our public intoxication statute. The only change in this statute since *Miles v. State*, (1966) 247 Ind. 423, 216 N.E.2d 847, was in 1978 when the penalty was changed, making violation a class B misdemeanor. *See* Burns Stat. § 12–611 (1956 Repl.); I.C. 7–1–1–32(11) (Burns Code Ed., 1972); I.C. 7.1–5–1–3 (Burns Code Ed., 1978); I.C. 7.1–5–1–3 (Burns Code Ed., 1982 Supp.).

lature's intent in enacting the public intoxication statute is not in issue. The only issue is what the language is and that is undisputed.

■ Atkins' second issue is the sufficiency of the evidence to support her conviction for public intoxication. Our standard of review of the sufficiency of the evidence in criminal cases is well established. We neither reweigh the evidence nor judge the credibility of the witnesses; rather, we look only to the evidence most favorable to the state and all reasonable inferences therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will be affirmed. *Gross v. State,* (1983) Ind., 444 N.E.2d 296.

■ The evidence is sufficient to support the conviction. A non-expert witness may offer an opinion on intoxication. *New v. State,* (1970) 254 Ind. 307, 259 N.E.2d 696. The arresting officer testified Atkins was unsteady on her feet, had an alcoholic odor about her breath and person, and was arrested due to her condition and actions at the scene. He further testified it was his opinion she was intoxicated.[2] Although Atkins disputed the officer's opinion as to her intoxication, despite admitting the consumption of two beers, the trier of fact chose to believe the arresting officer, as was its prerogative.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

**2.** The record reveals the existence of evidence in addition to that found to be insufficient proof of public intoxication in *Irwin v. State,* (1978) Ind.App., 178 Ind.App. 676, 383 N.E.2d 1086 (odor of alcohol, admission of recent consumption of beer).