**Michael J. McCAFFREY, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 09A02-8703-CR-118.**

Court of Appeals of Indiana,
Second District.

May 23, 1988.

Smith, Ridlen & Boonstra, Michael E. Boonstra, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Michael J. McCaffrey (McCaffrey) was convicted of public intoxication,[1] disorderly conduct,[2] and resisting a law enforcement officer.[3] He appeals, claiming the evidence of intent was insufficient to support a conviction on any of the three counts.

We affirm.

In the early morning hours of March 18, 1986, police responding to a complaint heard McCaffrey yelling and observed him erratically running through a field near a residence. McCaffrey did not respond to their order to stop, and proved upon apprehension to be uncooperative, hostile and physically aggressive. He was highly intoxicated.

McCaffrey argues that during the events leading to his arrest he was in a state of intoxication so extreme as to render him unable to form the intent requisite to any of the three convictions. Because I.C. 7.1-5-1-3 (public intoxication) differs significantly from the other two statutes in respect to culpability requirements, we discuss it separately.

Indiana Code 7.1-5-1-3 reads, "It is a class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication." The State must prove only two elements—presence in a public place and intoxication. Culpability is not an element of the offense; the statute establishes no requirement of a mental state.[4] Thus "the act itself, not the intent ... determines the guilt." *Groff v. State* (1908) 171 Ind. 547, 85 N.E. 769, 770;[5] *see*

also *Gregory v. State* (1973) 259 Ind. 652, 291 N.E.2d 67; *Smith v. State* (1986) 1st Dist.Ind.App., 496 N.E.2d 778.

McCaffrey does not dispute the evidence of his presence in a public place. Neither does he dispute the evidence of his intoxication. Because both elements of the offense were proved, McCaffrey's conviction for public intoxication will not be disturbed.

The other two statutes under which McCaffrey was convicted specify a degree of culpability which must be proved. For disorderly conduct, the State must prove that an offender acted intentionally, knowingly or recklessly. I.C. 35-45-1-3. For the offense of resisting law enforcement, the person must have acted either intentionally or knowingly. I.C. 35-44-3-3. Knowing conduct, the minimum degree of culpability which the State must prove, is defined in I.C. 35-41-2-2(b) (Burns Code Ed.Repl.1985) as follows:

"A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

Whether McCaffrey's level of intoxication so impaired his mental faculties that he did not act knowingly is a question for the trier of fact. *Seeglitz v. State* (1986) Ind., 500 N.E.2d 144; *Roberson v. State* (1982) Ind., 430 N.E.2d 1173; *Duffy v. State* (1981) 275 Ind. 191, 415 N.E.2d 715. If substantial evidence of probative value supports the trial court's conclusion, we will affirm. *Martin v. State* (1986) 3d

---

**1.** I.C. 7.1-5-1-3 (Burns Code Ed.Repl.1984).

**2.** I.C. 35-45-1-3 (Burns Code Ed.Repl.1985).

**3.** I.C. 35-44-3-3(a)(1) (Burns Code Ed.Supp. 1987).

**4.** Our legislature's intent to create "strict liability" crimes in which the State need not prove a mental element is evidenced by the language of I.C. 35-41-2-2(d) (Burns Code Ed.Repl.1985) (defining degrees of criminal culpability):

"Unless the statute defining the offense provides otherwise, *if* a kind of culpability is required for commission of an offense, it is required with respect to every element...." (Emphasis supplied.)

**5.** The word "intent" carries with it varied and confusing connotations when used in discussions of the mens rea concept. For clarity, we would confine its use to references to a person's conscious objective to engage in conduct. *See* I.C. 35-41-2-2. However in Indiana case law, intent sometimes appears to be synonymous with mens rea, *see, e.g., Terry v. State* (1984) Ind., 465 N.E.2d 1085. Mens rea is a general concept encompassing the various degrees of culpability justifying criminal liability. *See Wharton's Criminal Law* § 27 (C. Torcia, 14th ed. 1978); 1 *W. LaFave & A. Scott, Substantive Criminal Law* § 3.4 (West 1986). We construe the term "intent" as used in our quote from *Groff v. State* to mean "mens rea" or "culpable mental state."

Dist.Ind.App., 499 N.E.2d 273; *Atkins v. State* (1983) 2d Dist.Ind.App., 451 N.E.2d 55.

The trial court in determining the existence of the requisite degree of mental culpability may, indeed often must, rely upon reasonable inferences drawn from consideration of the circumstances surrounding the offense, because such circumstances may be the sole evidence of a subjective mental state. *Norris v. State* (1981) 275 Ind. 608, 419 N.E.2d 129. In this case, the evidence that McCaffrey was able to walk and run, exert considerable physical force and resistance, and intelligibly communicate comments and opinions, some indicating comprehension of his circumstances, supports the trial court's conclusion that the culpable mental states required for conviction under I.C. 35–45–1–3 and I.C. 35–44–3–3 existed.

The judgment is in all respects affirmed.

BUCHANAN and ROBERTSON, JJ., concur.