ARTHUR MANCE, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 49A04-0603-CR-144
Court of Appeals of Indiana.
December 22, 2006
TIMOTHY J. BURNS, Indianapolis, Indiana, ATTORNEY FOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, KELLY A. MIKLOS, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
CRONE, Judge.

Case Summary
Arthur Mance appeals his conviction for public intoxication, a class B misdemeanor. We affirm.

Issue
We restate the issue as whether the evidence was sufficient to convict Mance of public intoxication.

Facts and Procedural History
The facts most favorable to the verdict are as follows. On December 11, 2004, Mr. Simmons[1] drove his pickup truck to visit his friend, Rontay Mathis, in Indianapolis. Tr. at 34. Simmons exited the vehicle to talk to Mathis, but left the truck on the street with the motor running, the door shut, and apparently Mance inside. A few moments later, they noticed that the truck was rolling, and Simmons yelled, "Cut the wheel." Id. at 33. Mathis observed the truck accelerate down the street, cross into a yard, and hit the brick fireplace of a nearby home.
Mathis approached the stopped truck and found Mance slumped over in the front seat with his left foot by the pedals. Mathis noted that the inside of the truck smelled of alcohol. Id. at 36. The police arrived and found the truck parked against the home with Mance inside, "laying across the seat, head towards the passenger's compartment, and feet in the driver's compartment." Id. at 53. The truck's gearshift was in the "drive" position.
Once Mance awoke, Officer Ronald Rehmel observed a strong odor of alcohol emitting from either Mance or the truck. Id. at 55. Officer Rehmel asked Mance to step out of the truck, and he complied. Once standing, Mance was "a little unsure about his footing... and was using the truck for support." Id. Officer Rehmel also noted that Mance's eyes were red and glassy and that his speech was slurred, which he believed to be signs of intoxication. Id. at 58, 64.
Officer Gerald Hoye, also present at the scene, confirmed Officer Rehmel's observations. Mance admitted to having been drinking earlier in the day. Id. at 82. Officer Hoye, believing Mance to be intoxicated, asked Mance to submit to field sobriety tests, but Mance refused. Id. at 84-85. Furthermore, Officer Hoye discovered an empty alcoholic beverage container in the truck. Mance was then arrested.
On December 11, 2004, Mance was charged with operating a vehicle while license suspended as a habitual violator, a class D felony, operating a vehicle while intoxicated, a class A misdemeanor, and public intoxication, a class B misdemeanor. On February 8, 2005, the State amended the information alleging that Mance was a habitual substance offender. That same day, a jury found Mance guilty of public intoxication. Mance now appeals.

Discussion and Decision
Indiana Code Section 7.1-5-1-3 states in pertinent part, "It is a Class B Misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance[.]" Mance asserts that the evidence was insufficient to prove that he was both intoxicated and in a "public place." Our standard of review is well settled:
We neither reweigh the evidence nor judge the credibility of the witnesses; rather, we look only to the evidence most favorable to the state and all reasonable inferences therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will be affirmed.
Atkins v. State, 451 N.E.2d 55, 57 (Ind. Ct. App. 1983).
As to the sufficiency of the evidence regarding Mance's intoxication, a non-expert witness may offer an opinion on intoxication. Id. Upon their arrival at the scene of the accident, both Officer Rehmel and Officer Hoye observed multiple signs of intoxication while talking with Mance, including slurred speech, the odor of alcohol, difficulty with balance, and red and glassy eyes. These observations are similar to those made in other cases where the defendant's public intoxication conviction has been upheld. Wright v. State, 772 N.E.2d 449, 458 (Ind. Ct. App. 2002). Additionally, Mance admitted to consuming alcohol earlier in the day, and Officer Hoye discovered an empty alcoholic beverage container inside of the truck. The physical evidence, along with the testimony of the officers and Mathis, the eyewitness, were sufficient to establish that Mance was intoxicated.
Mance also contends that he was not in a "public place," as the truck in which he was found was located on private property. Although Mance was discovered on the lawn of a private residence, there is sufficient evidence to show that he had driven on the public street just prior to coming to rest against the home. Mance incorrectly relies on Cornell v. State, 398 N.E.2d 1333 (Ind. Ct. App. 1980). In Cornell, the defendant was found not guilty of public intoxication because no one had seen him drive to the location in which he was found; as such, he could have been sober when he arrived. Id. at 1336-37. However, the fact that Mance was in the truck that had just been driven down the street is sufficient to show that Mance was intoxicated in a "public place." See Heichelbech v. State, 258 Ind. 334, 341, 281 N.E.2d 102, 105 (1972) (affirming defendant's public intoxication conviction where his intoxicated state could not have changed in the brief moments between being on the public highway and then subsequently on private property). We therefore affirm Mance's conviction.
Affirmed.
SULLIVAN, J., and SHARPNACK, J., concur.
NOTES
[1] Simmons is also referred to as "Sims" in the record. Simmons did not testify at trial.