Cahisa JONES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0708–CR–658.

Court of Appeals of Indiana.

March 11, 2008.

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Cahisa Jones appeals her convictions for Class B misdemeanor public intoxication and Class A misdemeanor carrying a handgun without a license. We reverse.

### Issues

The issues before us are:

I.   whether there is sufficient evidence Jones was in a public place when police found her intoxicated; and

II. whether there is sufficient evidence she possessed a handgun.

## Facts

On May 10, 2007, Officer Greg Taylor of the Indianapolis Metropolitan Police Department received a dispatch concerning suspicious activity near a residence on 19th Street. Upon arriving at the scene, Officer Taylor noticed a car parked in a driveway behind a vacant house, next to an alley. Officer Taylor considered the driveway to be private property. Jones was inside the car, reclining in the front passenger seat and clearly intoxicated. There was a can of beer and a mostly empty whiskey bottle in the car. In the middle of the back seat of the car, approximately two feet away from Jones, was a handgun lying on top of a pile of clothes. The car was owned by and had been driven that evening by Leroy DeJourney, Jones's cousin.

The State charged Jones with Class B misdemeanor public intoxication and Class A misdemeanor carrying a handgun without a license. After a bench trial conducted on July 10, 2007, Jones was convicted as charged. She now appeals.

## Analysis

When reviewing a claim of insufficient evidence, we do not reweigh the evidence, nor do we reevaluate the credibility of witnesses. *Rohr v. State,* 866 N.E.2d 242, 248 (Ind.2007). We view the evidence most favorable to the judgment and the reasonable inferences therefrom and will affirm the conviction if there is substantial evidence of probative value from which a reasonable fact-finder could find the defendant guilty beyond a reasonable doubt. *Id.*

We also observe that evidence of guilt of substantial and probative value, as required to affirm a conviction on appeal, requires more than a mere scintilla of evidence. *See Short v. State,* 564 N.E.2d 553, 557 (Ind.Ct.App.1991). Evidence that only tends to support a conclusion of guilt is insufficient to sustain a conviction, as evidence must support the conclusion of guilt beyond a reasonable doubt. *See id.* (citing *Vuncannon v. State,* 254 Ind. 206, 258 N.E.2d 639 (1970)). Circumstantial evidence must do more than merely tend to arouse suspicion of guilt in order to support a conviction. *See Marrow v. State,* 699 N.E.2d 675, 677 (Ind.Ct.App.1998).

### I. Public Intoxication

Indiana Code Section 7.1-5-1-3 provides, "It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication...." Jones contends there is insufficient evidence she was in a public place when police found her intoxicated in DeJourney's car. A "public place" does not mean only a place devoted to the use of the public. *Wright v. State,* 772 N.E.2d 449, 456 (Ind.Ct.App.2002) (quoting *State v. Tincher,* 21 Ind.App. 142, 144, 51 N.E. 943, 944 (1898)). It also means a place that "'is in point of fact public, as distinguished from private,—a place that is visited by many persons, and usually accessible to the neighboring public.'" *Id.*

With respect to intoxicated persons in private vehicles, it has been held that a conviction for public intoxication may stand where the defendant was a passenger in a car stopped by police on a public road. *Atkins v. State,* 451 N.E.2d 55, 56–57 (Ind.Ct.App.1983). A conviction also may be supported by evidence that the defendant was seen in a vehicle on a public road moments before pulling into a parking lot. *Heichelbech v. State,* 258 Ind. 334, 341, 281 N.E.2d 102, 106 (1972).[1] Like-

---

1. *Heichelbech's* statement on this point argu- ably is dicta, because the court had already

wise, a defendant may be convicted of public intoxication for being inside a vehicle parked on the shoulder of a busy highway. *Miles v. State*, 247 Ind. 423, 425, 216 N.E.2d 847, 849 (1966). By contrast, we have refused to uphold a public intoxication conviction where the defendant only was observed inside a car parked on a private driveway, and we declined to infer that the defendant must have traveled on a public road in an intoxicated state before arriving at the driveway. *Moore v. State*, 634 N.E.2d 825, 826–27 (Ind.Ct.App.1994).

■ We conclude this case parallels *Moore*. Nobody observed Jones in an intoxicated state, except while she was sitting in a vehicle parked on private property. We also believe that reversing Jones's conviction in this case is consistent with the purpose and spirit of the public intoxication statute. "The spirit of the public intoxication statute is to prevent people from becoming inebriated and then bothering and/or threatening the safety of other people in public places." *Wright*, 772 N.E.2d at 456. Our supreme court also stated many years ago, "The purpose of the law is to protect the public from the annoyances and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." *State v. Sevier*, 117 Ind. 338, 340, 20 N.E. 245, 246–47 (1889). Prosecuting and convicting Jones for being intoxicated in a

vehicle parked in a private driveway, not disturbing or offending anyone, does nothing to serve this purpose.[2] We conclude there is insufficient evidence Jones was intoxicated in a public place and reverse her conviction for public intoxication.

## II. Carrying a Handgun

■ We next address Jones's argument that there is insufficient evidence to support her conviction for carrying a handgun without a license under Indiana Code Section 35–47–2–1. Possession of a firearm or other contraband may be either actual or constructive. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind.1999). Actual possession occurs when a defendant had direct physical control over the item. *Id.* Constructive possession occurs when the defendant had the intent and capability to maintain dominion and control over the item. *Id.*

■ Jones did not have direct physical control over the handgun found in DeJourney's car. Thus, the question is whether she constructively possessed it. Proof of dominion and control of contraband so as to support a finding of constructive possession may be established by: (1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the

held that the parking lot where the defendant was standing outside his vehicle when approached by police was a public place. *Heichelbech*, 258 Ind. at 340–41, 281 N.E.2d at 105–06.

**2.** We also question whether it serves the purpose of the statute to convict persons of public intoxication who are passengers in a private vehicle traveling on a public road. We note that Judge Sullivan, who voted to concur in *Atkins*, later questioned the wisdom of that vote. *See Whatley v. State*, 708 N.E.2d 66, 68–69 (Ind.Ct.App.1999) (Sullivan, J., concur-

ring in result) ("[A] public place must be accessible to the public, and I find it difficult to accept the premise that the inside of a closed vehicle traveling upon the highway is accessible to members of the public."). It also is difficult to perceive the public policy behind criminalizing riding in (as opposed to driving) a private vehicle in a state of intoxication. In fact, perhaps the better public policy would be to encourage persons who find themselves intoxicated to ride in a vehicle to a private place without fear of being prosecuted for a crime.

defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant. *Id.* at 836. As in *Henderson,* Jones's conviction rested upon at most two of these factors: plain view and proximity. Jones denied that the gun was hers, she made no furtive gestures, and there was no evidence that the gun was mingled with her possessions. There is no evidence that the clothes upon which the gun was found were hers.

In *Henderson,* after reviewing existing case law our supreme court outlined a number of parameters to consider when faced with the specific question of whether a defendant possessed a firearm found in a vehicle.

> While mere presence in a vehicle with multiple riders and multiple weapons is not sufficient, a driver who has a gun at his feet in plain view may be convicted of carrying the gun.

> For reasons that seem easier to grasp, a driver who had access to and control of the car for several days may be deemed to carry the weapons in the car, even though the car had earlier been used by a friend.

> When a car has multiple passengers, each with a gun at his feet, and no one has a license for any of them, a jury can find them all guilty of carrying. Just a step away analytically, when a car has multiple passengers, a gun near a back-seat passenger and no permit, the jury can infer possession by that passenger, especially when the testimony indicates that the passenger tried to hide the weapon.

> A passenger in the front seat, without more, is not deemed to possess a gun located on the floor behind the driver. And a passenger is not deemed to carry a gun located in the trunk.

*Id.* at 837–38 (citations omitted).

Based on these guidelines, we believe it is clear that the mere fact Jones was alone in the car when police found the gun is not enough to establish that she possessed it. The car undeniably belonged to DeJourney, who had been driving it that evening. This is not a case where Jones had exclusive possession of the car for a long period of time before the gun was found in it.

Instead, we conclude this case is most like the second-to-last scenario discussed in *Henderson,* where a gun is found in the rear of a vehicle and the defendant was sitting in the front passenger seat. *Id.* (citing *Cole v. State,* 588 N.E.2d 1316, 1319 (Ind.Ct.App.1992)). Jones might have been marginally closer to the gun than was the defendant in *Cole,* because the gun here was located in the middle of the back seat, not on the floorboard behind the driver. She also had reclined her seat, because she was intoxicated and attempting to sleep, which moved her slightly closer to the gun. Nevertheless, these minor differences in the facts are not enough to justify imputing possession of a gun found in the rear of a vehicle to a person in the front passenger seat. This is especially true where, as here, the defendant evidences no awareness of the gun when approached by police, makes no furtive gestures, and makes no incriminating statements.[3] We conclude there is insufficient evidence

---

**3.** We also conclude this case is substantially distinguishable from our recent decision in *Deshazier v. State,* 877 N.E.2d 200 (Ind.Ct. App.2007), *trans. denied.* There, we found sufficient evidence the defendant constructively possessed a handgun found in the seat

of a vehicle where the defendant had been sitting when police arrived, the defendant made several furtive gestures when police approached, and the defendant attempted to resist arrest and flee when police ordered him out of the car. *See id.* at 207–08.

Jones possessed the gun found in the vehicle.

### Conclusion

There is insufficient evidence to support Jones's convictions for public intoxication and carrying a handgun without a license. We reverse both convictions.

Reversed.

NAJAM, J., and BAILEY, J., concur.