**Anthony STREET, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0901–CR–91.**

Court of Appeals of Indiana.

Aug. 18, 2009.

Transfer Denied Oct. 22, 2009.

Ann M. Sutton, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Anthony Street appeals his conviction for Class B misdemeanor public intoxication. Specifically, Street contends that the evidence is insufficient to support his conviction because the State failed to prove that he was *knowingly* in a public place at the time of his arrest for public intoxication. Concluding that a knowing *mens rea* is not an element of the offense of public intoxication, we affirm Street's conviction.

### Facts and Procedural History

On May 11, 2008, at approximately 3:15 a.m., Officers Stephen Elliott and Marlon Douglas of the Indianapolis Metropolitan Police Department responded to a call to check the welfare of a person located at the intersection of 38th Street and Fall Creek Parkway. Upon arriving at the scene, Officer Elliott noticed a car that sat through an entire cycle of green and red lights. He approached the car and noticed that the driver and Street, the passenger, appeared to be sleeping in their seats. The car was running, and Officer Elliott reached into the car, put it in park, and turned it off.

Officer Elliott smelled alcohol in the car as he attempted to wake the men. After waking the driver, the officers then attempted to wake Street by speaking to him, yelling at him, and shaking him. As Officer Elliott shook and patted Street's arm, Street swatted at Officer Elliott's hand. Officer Douglas then came over and applied a sternum rub to awaken Street. In response, Street grabbed Officer Douglas's arm and would not release it. Officer Elliott applied his taser to Street's bicep to force Street to release Officer Douglas's arm. Officer Douglas then pulled Street out of the car and woke him. According to Officer Elliott, once Street was out of the car he seemed "lethargic. His eyes were red, glassy. He was unsteady on his feet. He either had to balance himself on the car, or we had to hold him up." Tr. p. 11. Street admitted to Officer Elliott that "he had six beers." *Id.* at 13.

On May 12, 2008, the State charged Street with Class B misdemeanor public intoxication.[1] On October 28, 2008, a bench trial was held, and the case was taken under advisement. On December 23, 2008, the trial court found Street guilty as charged and sentenced him to ninety days in jail with eighty-six days suspended to probation. Street now appeals.

**Discussion and Decision**

 Street contends that the evidence is insufficient to support his conviction because "the State failed to show that [he] had the requisite mens rea to commit the crime of public intoxication." Appellant's Br. p. 4. When reviewing the sufficiency of the evidence, appellate courts must only consider the probative evidence and reasonable inferences supporting the judgment. *Drane v. State,* 867 N.E.2d 144, 146 (Ind.2007). It is the fact-finder's role, not that of appellate courts, to assess witness

credibility and weigh the evidence to determine whether it is sufficient. *Id.* To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." *Id.* Appellate courts affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* at 146–47 (quotation omitted). It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* at 147 (quotation omitted). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the [judgment]." *Id.* (quotation omitted).

The offense of public intoxication is governed by Indiana Code § 7.1-5-1-3, which provides: "It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance[.]" " 'The spirit of the public intoxication statute is to prevent people from becoming inebriated and then bothering and/or threatening the safety of other people in public places.' " *Jones v. State,* 881 N.E.2d 1095, 1098 (Ind.Ct.App. 2008) (quoting *Wright v. State,* 772 N.E.2d 449, 456 (Ind.Ct.App.2002)). Our Supreme Court explained many years ago, "The purpose of the law is to protect the public from the annoyances and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." *State v. Sevier,* 117 Ind. 338, 20 N.E. 245, 246–47 (1889).

 On appeal, Street does not dispute that he was intoxicated or in a public place. *See* Appellant's Br. p. 4. Rather, he contends that the State failed to prove that he was "*knowingly* in a public place at the time of his arrest for public intoxication."

---

1. Ind.Code § 7.1-5-1-3.

*Id.* at 1 (emphasis added). In support of his contention, Street argues that he was "deeply sleeping in the passenger seat" and "unaware of his surroundings." *Id.* at 5. Further, Street argues, "one can not infer that [he] was aware of how he came to be in the intersection of Fall Creek Parkway and 38th Street." *Id.* at 7 (citation omitted).

In *McCaffrey v. State*, we encountered a situation where the defendant claimed that "[his] state of intoxication [was] so extreme as to render him unable to form the intent requisite to [public intoxication]." 523 N.E.2d 435, 436 (Ind.Ct.App.1988). However, we stated that "[t]he State must prove only two elements—presence in a public place and intoxication. Culpability is not an element of the offense; the statute establishes no requirement of a mental state. Thus the act itself, not the intent . . . determines the guilt." *Id.* (quotation omitted). In support of the proposition that our legislature intended to create strict liability crimes in which the State need not prove a *mens rea* element, we cited to Indiana Code § 35–4–2–2(d), which provides, "[U]nless the statute defining the offense provides otherwise, *if* a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct." (Emphasis added); *see also McCaffrey*, 523 N.E.2d at 436 n. 4. Thus, pursuant to *McCaffrey*, there is no *mens rea* requirement for public intoxication.

Accordingly, the State is not required to show that Street had a knowing *mens rea* to commit public intoxication because *mens rea* is not an element of the offense as defined in Indiana Code § 7.1–5–1–3. Thus, the State is only required to prove that Street was (1) in a public place and (2) intoxicated. Because Street does not dispute that he was in a public place and intoxicated, *see McCaffrey*, 523 N.E.2d at 436, we affirm his conviction.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.