Brenda MOORE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–1001–CR–46.

Court of Appeals of Indiana.

Oct. 21, 2010.

Suzy St. John, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION

ROBB, Judge.

*Case Summary and Issue*

Brenda Moore was convicted following a bench trial of public intoxication, a Class B misdemeanor. Moore appeals her conviction, raising one issue for our review:

whether her conviction "violate[s] the spirit and policy behind the public intoxication statute." Brief of Appellant at 1. Concluding under the circumstances Moore was not in a public place and therefore the evidence is insufficient to support a conviction of public intoxication, we reverse.

### Facts and Procedural History

On the evening of December 5, 2008, Moore had a couple of beers at her sister's house. Lynn Roberts, a friend of Moore's brother, stopped by the house and asked for a ride to check on a friend who had just been released from the hospital. Moore told Roberts she could not drive him because she had been drinking, but told him "if he had a license, then he was more than welcomed [sic] to drive" her car. Transcript at 18. Roberts accepted the offer, and Moore accompanied him as a passenger.

Indianapolis Metropolitan Police Department officer John Schweers pulled Moore's car over as it traveled on northbound Sherman Avenue because it lacked a working license plate light. Moore was asleep when the car was stopped. Officer Schweers discovered that Roberts did not have a valid driver's license. Officer Schweers inquired as to whether Moore would be able to drive the vehicle, but determined she was intoxicated; Moore herself admitted at trial she was too intoxicated to drive that night. Both Roberts and Moore were arrested and the car was impounded and towed.

The State charged Moore with public intoxication.[1] Following a bench trial, Moore was found guilty as charged and sentenced to 180 days with 174 days sus-

pended and credit for 3 days served pretrial. Moore now appeals.

### Discussion and Decision

### I. Standard of Review

When reviewing the sufficiency of the evidence to support a criminal conviction, we neither reweigh the evidence nor judge witnesses' credibility. *Wright v. State*, 828 N.E.2d 904, 906 (Ind.2005). Rather, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). We will affirm the conviction if the probative evidence and the reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find all elements of the crime proven beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005).

### II. Sufficiency of the Evidence

■ Public intoxication is defined by statute as being "in a public place or a place of public resort in a state of intoxication caused by ... use of alcohol...." Ind.Code § 7.1–5–1–3. A "public place," for purposes of this statute, "does not mean only a place devoted to the use of the public. It also means a place that is in point of fact public, as distinguished from private—a place that is visited by many persons, and usually accessible to the neighboring public." *Christian v. State*, 897 N.E.2d 503, 504–05 (Ind.Ct.App.2008) (citations and quotations omitted), *trans. denied.* Our supreme court long ago stated the purpose of the public intoxication statute: "The purpose of the law is to protect the public from the annoyances and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition."

---

1. Moore was also charged with possession of marijuana, a Class A misdemeanor, for alleged drugs found in the car. The trial court granted Moore's Trial Rule 41(B) motion for dismissal with respect to this charge because the alleged drugs had not been laboratory tested and the only evidence was Officer Schweers's testimony that, based on his training and experience, the substance he found in the car was marijuana.

*State v. Sevier,* 117 Ind. 338, 340, 20 N.E. 245, 246 (1889); *see also Wright v. State,* 772 N.E.2d 449, 456 (Ind.Ct.App.2002) ("The spirit of the public intoxication statute is to prevent people from becoming inebriated and then bothering and/or threatening the safety of other people in public places.").

In *Miles v. State,* 247 Ind. 423, 425, 216 N.E.2d 847, 849 (1966), our supreme court held a man who was in his tractor-trailer cab parked alongside the highway was in a public place for purposes of the public intoxication statute. Subsequently, this court applied *Miles* in holding a passenger in a vehicle traveling on a public highway was in a public place and therefore subject to a charge of public intoxication. *Atkins v. State,* 451 N.E.2d 55, 56 (Ind.Ct.App. 1983). Moore concedes she "cannot dispute she was intoxicated in a 'public place' as defined" by these two cases. Brief of Appellant at 5. She argues, however, that she was "subject to arbitrary application of the law when her conviction does not serve the statute's purpose." *Id.*

In *Miles,* police were informed of "a situation involving some danger" and found the defendant slumped over the steering wheel in his tractor-trailer with the window open and the engine running. 247 Ind. at 425, 216 N.E.2d at 849. His truck was parked approximately three to four feet from the traveled portion of a busy highway. When the defendant exited the cab at the officer's request, the officer observed signs of intoxication and arrested the defendant for public intoxication. On appeal, the defendant argued his conviction of public intoxication should be reversed because he was in his truck cab when the officer encountered him and was therefore not in a public place. Our supreme court, referring specifically to the truck's open window and proximity to the road, held that under the circumstances,

the defendant was in a public place within the meaning of the public intoxication statute. *Id.*

Although not discussed in the *Miles* opinion, we note that when *Miles* was decided in 1966, the public intoxication statute was nearly identical to the current public intoxication statute but the statute dealing with intoxication and motor vehicles was different. In 1966, the crime was "driving while intoxicated," *see* Acts 1963, c. 282, s.1, and caselaw at the time required the vehicle to be in motion in order to sustain a conviction under the statute. *See Poling v. State,* 156 Ind.App. 145, 148, 295 N.E.2d 635, 637 (1973) ("Indiana imposes a criminal sanction for 'driving' a vehicle under the influence of liquor. . . . In those jurisdictions where the word 'drive' is used, it has been interpreted as requiring the vehicle to be in motion, not merely standing still with the engine running."). It was not until the 1970s that the statute was rewritten to proscribe "operating" a vehicle while intoxicated, *see* Ind. Code § 9–4–1–54(b) (1971), and a driver in sole control of a running vehicle stopped on a public highway could be convicted under that statute, *see Rose v. State,* 168 Ind.App. 674, 679–80, 345 N.E.2d 257, 260 (1976) ("[S]tatutory language proscribing the operation of a motor vehicle while intoxicated has been construed by the courts of other States to include the conduct of an intoxicated individual being in physical control of a vehicle while it is in operation.").

Nearly twenty years after the *Miles* decision, this court was presented with an appeal by a defendant who was one of seven passengers in an automobile traveling on a public highway when it was stopped by police. The arresting officer testified to the signs of the defendant's intoxication upon her exit from the vehicle and she was convicted of public intoxi-

cation. On appeal, she argued that she was not in a public place because she was in a private automobile until she was asked to exit the vehicle by police officers. This court held:

> Atkins' specific argument was rejected in [*Miles*] where our supreme court held a person *in* a motor vehicle stopped along the traveled portion of a highway was in a public place. Therefore, the facts surrounding Atkins exit of the automobile are irrelevant. So, too, are the facts as to the vehicle moving or not moving and its windows and doors being closed or not closed.

*Atkins,* 451 N.E.2d at 56 (footnote omitted). The differences between *Miles* and *Atkins* seem to us to be significant: in *Miles,* the defendant was the sole occupant of a running vehicle that was parked alongside a highway, apparently near enough to warrant someone reporting it to be a dangerous situation; whereas in *Atkins,* the defendant was a passenger in a vehicle traveling upon a highway and there is no indication of why the vehicle was stopped by police. Because we do not know all of the relevant facts surrounding the stop of the vehicle in *Atkins,* we are unwilling to say we disagree with that opinion. Nonetheless, *Atkins* is not controlling precedent because it has never been adopted by the Indiana Supreme Court and we decline to follow its reasoning in this case.

The differences between *Miles* and this case are also significant: the sole occupant of a running and dangerously parked vehicle arrested at a time when a charge of operating while intoxicated was not possible under such circumstances, versus a sleeping passenger in a vehicle traveling upon a public road stopped for an equipment violation. Given the factual differences between *Miles* and this case, we do not believe *Miles* compels the result that

Moore was in a public place. *See Whatley v. State,* 708 N.E.2d 66, 68 (Ind.Ct.App. 1999) (Sullivan, J., concurring) ("Notwithstanding my concurrence in [*Atkins* ], . . . a public place must be accessible to the public, and I find it difficult to accept the premise that the inside of a closed vehicle traveling upon the highway is accessible to members of the public."). Excepting *Atkins,* the cases that have followed *Miles* have involved intoxicated persons in parked or stopped vehicles in places accessible to the public. *See Heichelbech v. State,* 258 Ind. 334, 340–41, 281 N.E.2d 102, 106 (1972) (intoxicated defendant who had pulled into a service station and parked his vehicle at a fuel pump was in a public place); *Fought v. State,* 898 N.E.2d 447, 450–51 (Ind.Ct.App.2008) (intoxicated passenger in vehicle parked between two gas pumps and blocking access for other customers was in a public place); *Gamble v. State,* 591 N.E.2d 142, 144 (Ind.Ct.App. 1992) (intoxicated defendant in truck parked in apartment complex parking lot was in a public place); *cf. Jones v. State,* 881 N.E.2d 1095, 1098 (Ind.Ct.App.2008) (intoxicated defendant sitting in a vehicle parked on private property was not in a public place). The facts of *Fought* are most closely akin to the facts of this case in that both involved an intoxicated person in a passenger seat of a car. However, in *Fought,* the vehicle was stopped, there was no one in the driver's seat, and the vehicle was interfering with the public's use of a gas station. Here, Moore's vehicle was being driven upon a public road by a sober driver and was causing no danger or impediment to the traveling public. The facts of this case are sufficiently different from the facts of previous cases that we believe neither *Miles* nor the legislature's lack of action in the wake thereof are binding upon us.

█ The policy behind the public intoxication statute is to prevent intoxicated persons from bothering or threatening the safety of other persons in public places. *See Wright,* 772 N.E.2d at 456. We do not see how this objective would be frustrated by excluding the circumstances of this case from the definition of public intoxication.[2] In fact, if we were to hold Moore could be found guilty of public intoxication under these circumstances, a person who consumes too much alcohol one evening and does the responsible thing by calling a cab to take her home could be convicted of public intoxication if the cab was pulled over for speeding or some other moving or equipment violation having nothing to do with the passenger's intoxicated state. It is clear from the numerous public service announcements and billboards regarding the dangers and consequences of drunk driving and the advertisements on cabs themselves declaring cab fare cheaper than an OWI conviction, that the public policy of this state is to encourage intoxicated persons to use a designated or hired driver for the safety of the public. This is not to say there are not circumstances in which a passenger in a vehicle could properly be convicted of public intoxication. For instance, a public intoxication charge might be appropriate if the passenger was so intoxicated as to be causing a distraction to the driver of the vehicle or to other drivers, or otherwise creating a danger to all those traveling on a public road. The dissent interprets this as creating an exception to the public intoxication statute focusing on an individual's conduct. The elements of public intoxication are 1) being intoxicated 2) in a public place. *Street v. State,* 911 N.E.2d 654, 657 (Ind.Ct.App. 2009) *trans. denied.* As seen in the statutes concerning driving, "intoxication" has a specific meaning which is not merely the state of having consumed alcohol—which is addressed by the blood alcohol content statutes, *see* Ind.Code § 9–30–5–1(a), (b)— but requires some behavior that would draw attention to the defendant—which is separately addressed by the operating while intoxicated statute, *see* Ind.Code § 9–30–5–2. "Intoxication" is defined as being under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind.Code § 9–13–2–86. "Public intoxication" then, by its very terms, references behavior. In addition, the policy behind the statute— preventing intoxicated persons from bothering others in a public place—is concerned not with the mere fact of having ingested alcohol but with behaving in a bothersome way because of it. Thus, we do not believe it is inappropriate to consider Moore's behavior—sleeping in the passenger seat of a car—in evaluating the sufficiency of the evidence supporting her conviction of public intoxication.

Under the circumstances of this case, we agree with Moore that she was not intoxicated in a public place or place of public resort within the meaning of Indiana Code section 7.1–5–1–3. The judgment of the trial court is therefore reversed.

*Conclusion*

Under the circumstances presented by this case, Moore was not intoxicated in a

---

**2.** In *Jones,* we held that "[p]rosecuting and convicting [the defendant] for being intoxicated in a vehicle parked in a private driveway, not disturbing or offending anyone, does nothing to serve" the purpose of the public intoxication statute. 881 N.E.2d at 1098. We also questioned "whether it serves the purpose of the statute to convict persons of public intoxication who are passengers in a private vehicle traveling on a public road" and observed that "perhaps the better public policy would be to encourage persons who find themselves intoxicated to ride in a vehicle to a private place without fear of being prosecuted for a crime." *Id.* at 1098 n. 2.

public place for purposes of the public intoxication statute. Her conviction is reversed.

Reversed.

MAY, J., concurs.

VAIDIK, J., dissents with opinion.

VAIDIK, Judge, dissenting.

I respectfully dissent with the majority's conclusion that Moore was not in a public place or place of public resort within the meaning of Indiana Code section 7.1–5–1–3. I would therefore affirm her conviction for public intoxication.

Indiana Code section 7.1–5–1–3 provides, "It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35–48–1–9)." With respect to intoxicated people in private vehicles, the Indiana Supreme Court has held that a defendant may be convicted of public intoxication for being inside a vehicle parked on the shoulder of a busy highway. *Miles v. State*, 247 Ind. 423, 425, 216 N.E.2d 847, 849 (1966). Likewise, this Court has held that a conviction for public intoxication may stand where the defendant was a passenger in a car traveling on a public road when it was stopped by police. *Atkins v. State*, 451 N.E.2d 55, 56–57 (Ind.Ct.App.1983) (applying *Miles*). Although the majority tries to distinguish these cases, I believe that they cannot be distinguished from the factual scenario presented in this case. According to our Supreme Court in *Miles*, the key determination is whether the vehicle is in a public place, and in that case, the defendant was in a parked vehicle three or four feet from the traveled portion of a busy highway. If being inside a vehicle on the side of a road is in a public place, then being inside a vehicle on the road is also in

a public place. Moore does not dispute that the vehicle in which she was traveling was in a public place according to our Supreme Court in *Miles*.

The Indiana General Assembly has made no changes to the public intoxication statute in response to *Miles* in 1966 or even *Atkins* in 1983. I believe that this long period of time constitutes legislative acquiescence. That is, given these cases, our legislature has agreed that a vehicle that is either stopped near a public road or traveling on a public road and then stopped is in a public place for purposes of the public intoxication statute. *See, e.g.,* *Breaston v. State*, 907 N.E.2d 992, 995 (Ind.2009) ("In the more than two decades since this Court issued *Starks*, the relevant portions of the consecutive sentencing statute have remained unchanged. Both stare decisis and legislative acquiescence support this result."). In fact, Judge Barnes made a plea to the General Assembly in the 2008 case of *Jones v. State*, 881 N.E.2d 1095 (Ind.Ct.App.2008). Although *Jones* involves a private vehicle on *private* property and the conviction was reversed on appeal, which is not the issue in this case, Judge Barnes, writing for a unanimous court, added:

> We also question whether it serves the purpose of the statute to convict persons of public intoxication who are passengers in a private vehicle traveling on a public road. We note that Judge Sullivan, who voted to concur in *Atkins*, later questioned the wisdom of that vote. *See* *Whatley v. State*, 708 N.E.2d 66, 68–69 (Ind.Ct.App.1999) (Sullivan, J., concurring in result) ("[A] public place must be accessible to the public, and I find it difficult to accept the premise that the inside of a closed vehicle traveling upon the highway is accessible to members of the public."). *It also is difficult to perceive the public policy behind criminal-*

*izing riding in (as opposed to driving) a private vehicle in a state of intoxication. In fact, perhaps the better public policy would be to encourage persons who find themselves intoxicated to ride in a vehicle to a private place without fear of being prosecuted for a crime.*

*Id.* at 1098 n. 2 (emphasis added). Despite Judge Barnes' plea, there have been no amendments to Indiana Code section 7.1–5–1–3 since *Jones.* This furthers my conclusion that there has been legislative acquiescence.

I agree with the majority that the policy behind the statute is to prevent intoxicated people from bothering or threatening the safety of other people in public places and that affirming Moore's conviction discourages the practice of securing a designated driver or a taxicab. However, the General Assembly has criminalized being or becoming intoxicated in a vehicle commonly used for the public transportation of passengers or in or upon a common carrier. *See* Ind.Code § 7.1–5–1–6. This act was criminalized in Indiana as early as 1933. *See* Burns Ind. Stat. Ann. §§ 12–616 (1956 Repl.), 12–105 (1933); *see also Atkins,* 451 N.E.2d at 56. The statute has been amended as recently as 2001, *see* P.L. 213–2001, Sec. 3, which demonstrates that the legislature is aware of the statute's existence. Under the Indiana Code, a taxicab is a common carrier. *See* Ind.Code §§ 7.1–1–3–8 ("carrier" means "[a] common carrier, whether licensed under the laws of this state or not"), 8–2.1–17–4, –13, –16 (a taxicab, among other modes of transportation, is a common carrier); *see also* Black's Law Dictionary 226 (8th ed.2004) ("common carrier" is "[a] commercial enterprise that holds itself out to the public as offering to transport freight or passengers for a fee"). Judge Shields determined in *Atkins* that Indiana Code section 7.1–5–1–6's existence does not evidence an intent by the legislature not to

expose people to criminal liability for being intoxicated as passengers in *private* vehicles. *See Atkins,* 451 N.E.2d at 56.

The majority's solution is to create an exception by focusing on the individual's conduct. Specifically, the majority opines that "a public intoxication charge might be appropriate if the passenger was so intoxicated as to be causing a distraction to the driver of the vehicle or to other drivers, or otherwise creating a danger to all those traveling on a public road." Op. at 305. However, an individual's conduct has nothing to do with whether that person is in a public place. We have continually held that public intoxication requires only two things: presence in a public place and intoxication. *See Street v. State,* 911 N.E.2d 654, 657 (Ind.Ct.App.2009) (noting that culpability is not an element of the offense), *trans. denied.* Simply put, an individual's conduct or extreme level of intoxication has no nexus to whether that person is in a public place. Although the majority relies on the definition of intoxication found in Title 9 (Motor Vehicles), which requires an impaired condition of thought and action and the loss of normal control of a person's faculties, Title 7.1 (Alcohol and Tobacco) does not contain a definition of intoxication. *See Wright v. State,* 772 N.E.2d 449, 457 (Ind.Ct.App. 2002) ("Despite the fact that the public intoxication statute does not provide a specific definition of intoxication, we do not agree with Wright's pronouncement that the statute is unconstitutionally vague.").

As much as I may disagree with the public policy of criminalizing the act of riding as a passenger in a private vehicle on a public road in a state of intoxication, this is not our call. Given *Miles* and the legislature's lack of response to it, I believe that unless and until our legislature makes changes to Indiana Code section

7.1–5–1–3, Moore was in a public place. I therefore would affirm her conviction for public intoxication.