**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 26 2012, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DERRICK ROCKINGHAM, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No.  49A02-1201-CR-25 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert P. Hurley, Judge Pro-Tempore
Cause No.  49F19-1106-CM-45621

**July 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Derrick Rockingham appeals his conviction of public intoxication, a class B misdemeanor.[1]

We affirm.

## ISSUE

Whether there was sufficient evidence to prove Rockingham was in a "public place."

## FACTS

On June 25, 2011, Rockingham and Kimberly Miller argued while standing in another person's front yard. Indianapolis Police Officer Mark Kuykendall was dispatched to the house in response to a report of "arguing and causing a disturbance outside." (Tr. 8).

When Officer Kuykendall arrived, he observed Rockingham standing on a sidewalk that was intersected by another person's driveway. The sidewalk ran alongside the street and was used by people traveling on foot along the street.

Rockingham had a strong odor of an alcoholic beverage on his breath and person, and Officer Kuykendall observed that Rockingham was belligerent, upset, and appeared to be intoxicated. Officer Kuykendall also observed that Rockingham was "staggering around." (Tr. 14). At some point, Rockingham paced back and forth from his car parked in the driveway to the sidewalk. After Rockingham's attempt to walk home was

---

[1] Ind. Code § 7.1-5-1-3.

2

unsuccessful, Officer Kuykendall arrested him for public intoxication. After a bench trial, Rockingham was found guilty of the offense.

DECISION

Rockingham contends that the State presented insufficient evidence to sustain his conviction. Generally, in addressing a claim of insufficient evidence, we must consider only the probative evidence and reasonable inferences supporting the trier of fact's determination. *Glenn v. State*, 884 N.E.2d 347, 355 (Ind. Ct. App. 2008), *trans. denied.* We will not reweigh the evidence or assess witness credibility in reviewing the determination. *Id.* "Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense." *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009).

In order to prove that Rockingham committed the offense of public intoxication, the State was required to show that Rockingham was committing certain acts while intoxicated in a "public place." I.C. § 7.1-5-1-3. Rockingham concedes that he was intoxicated; however, he contends that the State did not meet its burden, as a sidewalk intersected by a driveway is not a "public place" as that term is used in the statute. Rockingham characterizes the sidewalk where he was standing as both an extension of the driveway and as an "apparent easement." Rockingham's Br. at 6.

"A 'public place' does not mean only a place devoted to the use of the public." *Jones v. State*, 881 N.E.2d 1095, 1097 (Ind. Ct. App. 2008) (citing *Wright v. State*, 772 N.E.2d 449, 456 (Ind. Ct. App. 2002)). "It also means a place that 'is in point of fact

3

public, as distinguished from private,—a place that is visited by many persons, and usually accessible to the neighboring public.'" *Id.* A "public place" is also "a place open to common and general use, participation, and enjoyment; a place accessible to the public." *Wright*, 772 N.E.2d at 455. On the other hand, a private residence, including the private grounds directly outside it, is not a public place within the meaning of the statute. *Price v. State*, 600 N.E.2d 103, 116 (Ind. Ct. App. 1992), *aff'd in pertinent part by Price v. State,* 622 N.E.2d 954 (Ind. 1993).

Here, Rockingham was standing on a sidewalk bisecting a driveway, not the extension of the driveway. With reference to Rockingham's designation of the sidewalk as an easement, we note that there are both "private" and "public" easements. A private easement is "an easement the enjoyment of which is restricted to one or a few individuals, while a public easement is one the right to the enjoyment of which is vested in the public generally . . . ." *Easement Definition*, Black's Law Dictionary, http://thelawdictionary.org/easement (last visited July 9, 2012).

Under the definitions listed above, a sidewalk is a public easement and, for purposes of the public intoxication statute, is a "public place." As described in *Jones*, it is "a place visited by many persons, and usually accessible to the neighboring public."[2]

---

[2] The facts of this case are distinguishable from those in *Christian v. State*, 897 N.E.2d 503 (Ind. Ct. App. 2008) (defendant located on a friend's driveway), *trans. denied*; *Jones,* 881 N.E.2d 1095 (Ind. Ct. App. 2008) (defendant located on a driveway behind a house); and *Cornell v. State*, 398 N.E.2d 1333 (Ind. Ct. App. 1980) (defendant located in a private lane).

Thus, we conclude that there was sufficient evidence to support Rockingham's conviction.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.