RUCKER, J.,
dissenting.
In affirming Moore’s conviction for public intoxication the majority relies primarily on this Court’s opinion in Miles v. State, 247 Ind. 423, 216 N.E.2d 847 (1966). In that case we declared that a person parked alongside a highway was in a public place for purposes of the public intoxication statute. Id. at 849. I would revisit Miles and declare that it was wrongly decided. Predating Miles by several decades, this Court declared in State v. Sevier, 117 Ind. *346 338, 20 N.E. 245 (1889) that “[t]he purpose of the [public intoxication statute] is to protect the public from the annoyance and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition.” Id. at 246-47. It is difficult to perceive how this' purpose is advanced by declaring that the inside of a closed vehicle traveling along a highway is a public place. Writing for the Court of Appeals in Jones v. State, Judge Barnes points out:
It also is difficult to perceive the public policy behind criminalizing riding in (as opposed to driving) a private vehicle in a state of intoxication. In fact, perhaps the better public policy would be to encourage persons who find themselves intoxicated to ride in a vehicle to a private place without fear of being prosecuted for a crime.
881 N.E.2d 1095, 1098 n. 2 (Ind.Ct.App.2008) (reversing conviction for public intoxication where defendant was sitting in a vehicle parked on private property). I agree. As this Court has declared “[g]iven the strong state and national interest of keeping persons who are intoxicated from operating motor vehicles, we think it sound policy to encourage sober drivers to get behind the wheel and not let their friends drive while drunk.” Smith v. Cincinnati Ins. Co., 790 N.E.2d 460, 462 (Ind.2003). In this case Moore should not suffer a criminal penalty for taking the responsible action of allowing a sober friend to drive her car while she was too intoxicated to do so. I would reverse Moore’s conviction. Therefore I respectfully dissent.