Arthur E. HAYNES, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–9001–CR–40.

Court of Appeals of Indiana,
Second District.

Dec. 4, 1990.

---

Lesa Lux Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Arthur E. Haynes, Jr. appeals his conviction for public intoxication on the grounds the evidence is insufficient to sustain it.

We reverse.

Proof Haynes was in a public area is an essential element of the State's case. IC 7.1–5–1–3 (1988). The evidence Haynes was intoxicated on the porch of a private residence is insufficient to support his conviction for public intoxication. *State v. Culp* (1982), Ind.App., 433 N.E.2d 823, transfer denied. The evidence Haynes was intoxicated in an area off the porch is similarly deficient because there is no evidence the area "off" the porch is a public area.

The arresting officer, while standing on the curb, observed Haynes as he stood screaming and yelling on the front porch of a private residence. As the officer approached Haynes he ordered Haynes off the porch; Haynes complied. At some undesignated place between the curb and the porch, Haynes and the officer were within two (2) to three (3) feet of each other. It was at this time the officer made the observations that led him to conclude Haynes was intoxicated. However, those observations are unavailing without some evidence the "undesignated place" was a public area. Haynes's conviction cannot stand.

Judgment reversed.

SULLIVAN, J., concurs.

BUCHANAN, J., dissents with separate opinion.

BUCHANAN, Judge, dissenting.

I respectfully dissent. I cannot agree with the conclusory determination that the evidence was insufficient.

To me the evidence unmistakably demonstrates Haynes was arrested for being intoxicated *after* he left the porch. The arresting officer testified:

"Q. Officer, you said that when you asked him to leave the porch, he complied at that point?

A. Yes, sir.

Q. Okay. Then, a few minutes or seconds later he then became uncooperative, is that your recollection of the events?

A. Well, *he was ... yes, with me.*"

*Record* at 18–19 (emphasis supplied). It was only then the officer became aware that Haynes was intoxicated. *Record* at 16–20.

As to the location of the crime, the officer testified as follows:

"Well, I approached the residence and I observed the gentleman later identified as Mr. Arthur (sic) wearing fatigues and he was pretty disturbed and irate, screaming and yelling at several people on the front porch. They'd been ... they were asking him to leave when I first pulled up. *Standing out on the curb,* I heard them just telling him to leave, leave, they didn't want him there. And when I approached, *I ordered him off the porch. He complied.*"

*Record* at 15 (emphasis supplied).

This evidence, that the officer was standing on the curb, that he ordered Haynes to leave the property, and that Haynes complied, gives rise to a reasonable inference that Haynes had left the private property of the porch and was on the public property of the curb when he was arrested for being intoxicated. *See Miles v. State* (1966), 247 Ind. 423, 216 N.E.2d 847 (evidence sufficient to show defendant was in a public place when he was three to four feet from the traveled portion of a busy highway).

Because we must affirm a conviction if a trier of fact could reasonably conclude, from the probative evidence and reasonable

inferences therefrom, that the defendant was guilty beyond a reasonable doubt, *Storey v. State* (1990), Ind., 552 N.E.2d 477, I vote to affirm Haynes' conviction.