James W. MOORE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A04–9310–CR–365.

Court of Appeals of Indiana,
Fourth District.

May 31, 1994.

David F. Tudor, Noblesville, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

James W. Moore ("Moore") appeals his convictions for battery, a class B misdemeanor, and public intoxication, a class A misdemeanor. We affirm in part and reverse in part.

### Issues

Moore presents two issues for review:

I. Whether the evidence was sufficient to sustain Moore's conviction for battery where he raised the issue of self-defense and;

II. Whether the evidence was sufficient to sustain Moore's conviction for public intoxication.

### Facts and Procedural History

On August 22, 1992, Moore parked his car in the driveway of the residence of his former wife, Regina Rice and her husband Brent

Rice ("Rice"). Moore's daughter was playing in the yard next door. Rice saw Moore get out of his car and walk toward his daughter. Rice asked Moore to leave, but he refused. Rice then walked over to Moore's car, turned off the ignition and took the keys out. Moore approached Rice, grabbed his arm and held him in a headlock. The two men struggled. Rice struck Moore and detained him on the ground until the police arrived.

Moore was convicted of trespass, battery and public intoxication on March 26, 1993. On May 24, 1993, Moore filed a motion to reconsider. The trial court granted in part and denied in part Moore's motion to reconsider by reversing his conviction for trespass, but denying his motion as to battery and public intoxication.

### Discussion and Decision

Moore contends that the evidence was insufficient to sustain his battery conviction because the State did not disprove his claim of self-defense. We disagree.

When reviewing the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. We will consider only the evidence favorable to the verdict and all reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the conclusions of the trier of fact, we shall affirm the conviction. *Id.*

■ To convict Moore of battery, a class B misdemeanor, the State had to show that he knowingly or intentionally touched Rice in a rude, insolent or angry manner. Ind.Code § 35–42–2–1. By Moore's own admission, he knowingly and intentionally grabbed Rice's arm and put him in a headlock in an angry manner.

■ However, Moore maintains that his actions were in self-defense because Rice took his car keys. When a defendant claims self-defense with respect to personal property he must prove that he was in a place he had a right to be, that he acted without fault and that he used reasonable force which he reasonably believed was necessary to immediately prevent or terminate the other person's trespass or interference with property lawfully in his possession. Ind.Code § 35–41–3–2; *see Pointer v. State* (1992), Ind.App., 585 N.E.2d 33, 36. Once the defendant raises a claim of self-defense, the State bears the burden of disproving one of the elements of self-defense beyond a reasonable doubt. *Id.* The State may refute self-defense by direct rebuttal or by relying upon the sufficiency of the evidence in its case-in-chief. *Id.* We will reverse a conviction in spite of a claim of self-defense only if no reasonable person could say the claim was negated by the State beyond a reasonable doubt. *Id.*

Moore claims he acted in defense of his property when he grabbed Rice. Rice, however, testified that after he saw Moore park he went outside and asked Moore to leave the premises because Moore had previously caused problems for the family. When Moore refused to leave, Rice took the car keys out of the ignition of Moore's car. In response, Moore grabbed Rice's arm and put him in a headlock. According to Rice's testimony, Moore did not have a right to be on the property, nor did he act without fault. Further, because Rice merely took the keys out of Moore's car, instead of, for example, jumping in the car and attempting to drive off, it is arguable that Moore did not have a reasonable fear of interference with his property.

Thus, the outcome of the trial depended on the trial judge's determination of witness credibility and the weight accorded to the evidence. The trial judge's guilty verdict indicates that he found Rice's testimony more credible than Moore's self-defense claim. We must decline Moore's invitation to reweigh the evidence and judge witness credibility. The evidence was sufficient to support Moore's battery conviction.

■ Next, Moore argues his conviction for public intoxication can not stand because he was not in a public place at the time of his arrest. The State concedes that Moore was not in a public place when arrested, but it contends that the conviction is supported since Moore must have driven on public roads to get to Rice's residence.

■ A person meets the public intoxication statutory definition if they are in "a public place or a place of public resort in a state of intoxication." Ind.Code § 7.1–5–1–3. A private residence, including the grounds surrounding it, is not a public place. *Price v. State* (1992), Ind.App., 600 N.E.2d 103, *affm'd*, 622 N.E.2d 954, 967. The charging information states that Moore was in a state of intoxication at 10421 Hills Dale Drive (Rice's residence), not on the public roads going to the residence. Further, it is uncontroverted that Moore was only observed in Rice's driveway or backyard. We reject the State's suggestion that we broaden the charging information and infer evidence which was not actually presented at trial. Moore's public intoxication conviction is reversed.

Affirmed in part, reversed in part.

MILLER and BAKER, JJ., concurring.