**Melissa CHRISTIAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–0803–CR–272.

Court of Appeals of Indiana.

Dec. 5, 2008.

Joseph F. Thoms, Thoms & Thoms, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Melissa Christian appeals her conviction for public intoxication as a class B misdemeanor.[1] Christian raises one issue, which we restate as whether the evidence is sufficient to sustain her conviction. We reverse.[2]

The relevant facts follow. On May 13, 2007, Officer David Siefker was dispatched to the corner of Randolph Street and Raymond Street. Officer Siefker located Christian at 2211 South Randolph Street attempting to unlock a Ford truck with a key to a Honda vehicle. Christian was in the driveway of her friend's house. Officer Siefker noticed footprints on the doors of the truck and on the back window of the truck that appeared to match the pattern of Christian's shoes. Christian had poor manual dexterity, was confused about her location, and was disheveled.

The State charged Christian with public intoxication as a class B misdemeanor. At the bench trial, Christian argued that the State had failed to prove she was in a public place. The trial court found Christian guilty as charged.

1. Ind.Code § 7.1–5–1–3 (2005).

2. We heard oral argument in this case on October 28, 2008, at Ball State University in Muncie, Indiana. We extend our thanks to

■ The issue is whether the evidence is sufficient to sustain Christian's conviction for public intoxication as a class B misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind.2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

The offense of public intoxication is governed by Ind.Code § 7.1–5–1–3, which provides: "It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance." Thus, the State was required to prove that Christian was intoxicated and was in a public place.

■ Christian does not challenge the trial court's determination that she was intoxicated. Rather, Christian argues that the State failed to prove that she was located in a public place. "A 'public place' does not mean only a place devoted to the use of the public." *Jones v. State*, 881 N.E.2d 1095, 1097 (Ind.Ct.App.2008) (citing *Wright v. State*, 772 N.E.2d 449, 456

the students, staff, faculty, and administration of Ball State University for their hospitality and to counsel for their arguments.

(Ind.Ct.App.2002)). "It also means a place that 'is in point of fact public, as distinguished from private,—a place that is visited by many persons, and usually accessible to the neighboring public.'" *Id.* "A private residence, including the grounds surrounding it, is not a public place." *Moore v. State,* 634 N.E.2d 825, 827 (Ind.Ct.App. 1994).

Here, the evidence demonstrated that Christian was found in her friend's driveway attempting to unlock a vehicle. The State describes the driveway as "an area that people in the neighboring area use to park" and an area "used by the public to park perpendicular to Randolph Street." Appellee's Brief at 5. The State claims that "[t]he parking area did not belong to anyone in particular." *Id.* However, the evidence presented at the trial does not support these claims. Christian described the area as a "driveway" between her friend's residence and the neighbor's residence. Transcript at 11–12. The officer described the area as a place to park perpendicular to Randolph Street. The State presented no evidence that the parking area was used by the public in general rather than only the residences next to the area.

Under similar circumstances, we have reversed convictions for public intoxication. Recently, in *Jones,* we reversed a defendant's conviction for public intoxication where she was sitting in a vehicle parked in a driveway behind a vacant house, next to an alley. 881 N.E.2d at 1097–1098. We concluded that she was sitting in a vehicle parked on private property. *Id.* at 1098.

Similarly, in *Moore v. State,* 634 N.E.2d 825, 826–827 (Ind.Ct.App.1994), the defendant was arrested in his ex-wife's driveway. We concluded that the defendant was not in a public place and reversed the conviction. 634 N.E.2d at 827. In *Haynes v. State,* 563 N.E.2d 159, 160 (Ind. Ct.App.1990), we reversed a defendant's conviction for public intoxication where the defendant was intoxicated on the porch of a private residence. Further, in *Cornell v. State,* 398 N.E.2d 1333, 1336–1337 (Ind.Ct. App.1980), we reversed a defendant's conviction for public intoxication where the defendant was located on a private lane entering private property approximately twenty to thirty feet from the traveled portion of a rural country road.

As in the above cases, we conclude that the State failed to prove Christian was located in a public place. Because there is insufficient evidence that Christian was intoxicated in a public place, we reverse her conviction for public intoxication.[3] See, *e.g., Jones,* 881 N.E.2d at 1098 (reversing the defendant's conviction for public intoxication because the evidence was insufficient to prove the defendant was intoxicated in a public place).

For the foregoing reasons, we reverse Christian's conviction for public intoxication as a class B misdemeanor.

Reversed.

BAKER, C.J. concurs.

MATHIAS, J. dissents with separate opinion.

---

**3.** The State also emphasizes the purpose of the public intoxication statute, which has been described as "protect[ing] the public from the annoyances and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." *Jones,* 881 N.E.2d at 1098 (quoting *State v. Sevier,* 117 Ind. 338, 340, 20 N.E. 245, 246–47 (1889)). The State argues that Christian was "disturbing the vehicle of another, and disturbing the members of the neighborhood by her actions." Appellee's Brief at 5. However, the State presented no evidence that members of the neighborhood were disturbed or offended by Christian's actions. Moreover, the focus of our analysis must be whether Christian was located in a public place.

MATHIAS, J., dissenting.

I respectfully dissent from the majority's conclusion that the State failed to prove that Christian was located in a public place. Although Christian claimed she was parked in her friend's driveway, Officer Siefker testified that the parking area was "not really so much as a driveway, it's just a parking area off the street, a place where people can pull in and park perpendicular to the flow of traffic." Tr. p. 19. Moreover, Christian admitted that the parking area was shared by at least two residences, that of her friend and the neighboring residence. Tr. p. 11. Our role is not to reweigh the credibility of the witnesses and their testimony. *Cox v. State*, 780 N.E.2d 1150, 1154 (Ind.Ct.App. 2002).

In *Cornell* and *Jones*, the two major cases relied upon by Christian and the majority, the evidence established that the defendants were sleeping in a vehicle located either in a private driveway or a private lane. In *Moore*, the defendant was located in a private driveway and backyard. In *Haynes*, the defendant was on the porch of a private residence. However, in this case, the State presented evidence that Christian was standing outside of a vehicle in a parking area accessible to the neighboring public, which was adjacent to a public thoroughfare.

Furthermore, in the case before us, Christian had attempted to jam her ignition key from her own vehicle into the door of a truck that did not belong to her. She had also kicked the truck several times, and it appeared to Officer Siefker that she had climbed into the bed of the truck and tried to kick out the back window. Tr. p. 6. Christian's behavior was apparently loud enough and obnoxious enough to attract the attention of a neighboring individual, who called the police to report that she was attempting to break into the truck.[4] I, for one, would hope that such intoxicated behavior (Christian does not contest that she was intoxicated at the time), would warrant an arrest and conviction for a misdemeanor as was the case here.

The long-established purpose of the public intoxication statute is "to protect the public from the annoyance and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." *State v. Sevier*, 117 Ind. 338, 340, 20 N.E. 245, 246–47 (1898). More recently, our court has remarked, "[t]he spirit of the public intoxication statute is to prevent people from becoming inebriated and then bothering and/or threatening the safety of other people in public places." *Jones*, 881 N.E.2d at 1098.

As the majority noted, our court has defined the term "public place" as "a place 'visited by many persons, and usually accessible to the neighboring public.'" *Wright v. State*, 772 N.E.2d 449, 455 (Ind. Ct.App.2002) (quoting *Martin v. State*, 499 N.E.2d 273, 276 (Ind.Ct.App.1986)). "We have also deemed the term to include a place open to common and general use, participation and enjoyment; a place accessible to the public." *Id.* I would conclude that Officer Siefker's description of the parking area, and Christian's admission that the area is shared by at least two residences, supports the trial court's conclusion that Christian was located in a public place.

Indeed, if the majority's definition of a public place becomes law, then it is difficult to distinguish why an apartment complex parking lot or common parking area

---

4. For this reason, I disagree with the majority's statement that "the State presented no evidence that members of the neighborhood were disturbed or offended by Christian's actions." *See* Op. p. 505 n. 3.

owned by condominium owners would be a "public place." This cannot be the intent of the law or consonant with the well-settled public policy behind the law. *See Jones,* 881 N.E.2d at 1098; *Sevier,* 117 Ind. at 340, 20 N.E. at 246–47.

Perhaps we might have made a different arresting decision than Officer Siefker, or come to a different conclusion than Judge Collins; perhaps not. But that is not our standard of review. Our constitutional role is to determine whether a reasonable trier of fact could conclude that Christian was guilty of public intoxication beyond a reasonable doubt. We are not permitted to reweigh the evidence or substitute our judgment for that of Officer Siefker or the trier of fact, Judge Collins. For all of these reasons, I would affirm Christian's conviction for Class B misdemeanor intoxication.