**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY SAINT JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL DRAKE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1212-CR-972 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Rubick, Commissioner
Cause No. 49F10-1206-CM-43033

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Daniel Drake was convicted of Public Intoxication,[1] a class B misdemeanor. Drake appeals and argues that the State presented insufficient evidence to support his conviction.

We affirm.

On June 24, 2012, Drake went to visit his son at the home of Samantha Brummett, the child's mother, in the Coppertree Apartments in Speedway. While there, Drake consumed a dozen beers and became intoxicated. At approximately 4:00 in the morning, Officer Robert Fekkes of the Speedway Police Department was dispatched to the apartment complex in reference to a possible fight in progress in the area between two apartment buildings. When Officer Fekkes arrived, he encountered Drake standing in an open area behind the apartment buildings. There was no fence separating the area from the public. Drake was standing in a grassy area "less than fifty (50) feet away" from Brummett's back porch. *Transcript* at 7. A group of people were standing nearby, and they wanted Drake to leave because he was causing a problem. While trying to convince Drake to go inside, Officer Fekkes observed that Drake was very intoxicated. As a result, Drake was placed under arrest and charged with public intoxication. A bench trial was held on November 9, 2012, and Drake was found guilty as charged. Drake now appeals.

Drake contends that the State presented insufficient evidence to support his conviction. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind.

---

[1] Ind. Code Ann. § 7.1-5-1-3 (West, Westlaw effective through June 30, 2012), *amended by* Pub. L. No. 117–

2

Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007).

The version of the public intoxication statute in effect at the time of Drake's offense provided that "[i]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9)." I.C. § 7.1-5-1-3. Drake does not dispute that the State presented sufficient evidence to establish his intoxication; the sole issue presented in this appeal is whether Drake was in a public place or a place of public resort.

As this court has explained:

"A 'public place' does not mean only a place devoted to the use of the public." *Jones v. State*, 881 N.E.2d 1095, 1097 (Ind. Ct. App. 2008) (citing *Wright v. State*, 772 N.E.2d 449, 456 (Ind. Ct. App. 2002)). "It also means a place that 'is in point of fact public, as distinguished from private,—a place that is visited by many persons, and usually accessible to the neighboring public.'" *Id.* "A private residence, including the grounds surrounding it, is not a public place." *Moore v. State*, 634 N.E.2d 825, 827 (Ind. Ct. App. 1994).

2012, § 1 (effective July 1, 2012).

*State v. Jenkins*, 898 N.E.2d 484, 487 (Ind. Ct. App. 2008) (quoting *Christian v. State*, 897 N.E.2d 503, 504 (Ind. Ct. App. 2008), *trans. denied*), *trans. denied*.

The State argues that this case is analogous to *State v. Jenkins*, 898 N.E.2d 484. In that case, police responded to a dispatch to an apartment complex and encountered the intoxicated defendant standing on a sidewalk between the apartment buildings, in an area the officer described as "kind of like a courtyard." *Id.* at 485. There was a parking lot at the end of the courtyard area. The defendant was charged with public intoxication, and he successfully moved to suppress evidence, claiming that his arrest was illegal because he was in a private place. The State appealed, and this court reversed, concluding that the defendant was indeed in a public place or place of public resort for the purposes of the public intoxication statute at the time of his arrest. *State v. Jenkins*, 898 N.E.2d 484. In reaching its conclusion, the court noted that the defendant was arrested in the outside courtyard area of his apartment complex, which was adjacent to the parking lot. The area was not enclosed by a gate or fence, and the arresting officer testified that the public was free to come and go as they pleased in the area. Moreover, the defendant testified that the area in which he was standing was not unique to his lease and was accessible to visitors and residents. *Id.*

Drake argues that *Jenkins* is distinguishable because the area in which the police encountered him was not an unenclosed courtyard area of an apartment complex, and because he was standing in a grassy area near Brummett's porch instead of a sidewalk. Drake also argues that in this case, there was no testimony that the public was free to come and go from

the area, there is no indication that the area was near a parking lot, and there was no testimony that the area in which Drake was standing was not unique to Brummett's lease.

Although the facts of this case are not identical to those in *Jenkins*, we find that case sufficiently analogous as to be controlling here. With respect to Drake's claim that he was not standing in a courtyard area, we note that although Officer Fekkes did not use the word courtyard, his description of the area supports the inference that he was referring to a similar type of outdoor common area. Specifically, he described the area as an "open air area" behind the apartments and indicated that there was no fence or gate blocking access by residents or non-residents. *Transcript* at 6. As this court noted in *State v. Jenkins*, "when a person lives in a multiple-unit dwelling, he shares the common areas with other residents and guests." 898 N.E.2d at 488 n.1.

Moreover, although Officer Fekkes did not specifically state that the public was free to come and go from the area, he testified that he considered the area to be a public place and that there was a group of people present in the area on the night of Drake's arrest. We also note that Officer Fekkes testified that Drake was not on Brummett's porch, but was instead somewhere less than fifty feet away from it, and indicated further that the area was not "on the property of that particular apartment[.]" *Id.* at 11. Additionally, Drake himself testified that there is some degree of foot traffic in the area behind the apartments.[2]

---

[2] Drake argues that a photograph admitted into evidence "supports Drake's position that the grassy area in which he was located was right next to the back porch." *Reply Brief* at 2. We note, however, that the record reflects that the photograph to which Drake refers does not depict the area in which he was encountered. Officer Fekkes testified that the photograph depicted the townhomes in the apartment complex, and Drake was encountered in the area of the apartment homes. Officer Fekkes testified further that the apartments where Drake was encountered "have no patios that are enclosed in the fenced area." *Transcript* at 10.

5

For all of these reasons, we believe that the facts of this case are substantially similar to those presented in *Jenkins*. We also note that the cases on which Drake relies are all factually distinguishable. *See Christian v. State*, 897 N.E.2d 503 (Ind. Ct. App. 2008) (defendant not in a public place when located in a driveway between two private residences), *trans. denied*; *Moore v. State*, 634 N.E.2d 825 (Ind. Ct. App. 1994) (defendant not in a public place in driveway and backyard of a private residence); *Haynes v. State*, 563 N.E.2d 159, 160 (Ind. Ct. App. 1990) (defendant not in a public place on porch of private residence or "at some undesignated place between the curb and the porch"); *State v. Culp*, 433 N.E.2d 823 (Ind. Ct. App. 1982) (defendant not in a public place when encountered in the common areas *inside* an apartment house), *trans. denied*; *State v. Tincher*, 21 Ind. App. 142, 51 N.E. 943 (1898) (defendant not in a public place at a private residence where a large social gathering was being held). We therefore conclude that the State presented sufficient evidence that the area in which Officer Fekkes encountered Drake on the night of his arrest was a public place or place of public resort.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.