ATTORNEYS FOR APPELLANT
Patricia C. McMath
Ruth A. Johnson
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Katherine M. Cooper
Andrew A. Kobe
Stephen R. Creason
Deputy Attorneys General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 49S04-1402-CR-72

TIN THANG,                                          *Appellant (Defendant)*,

v.

STATE OF INDIANA,                              *Appellee (Plaintiff)*.

Appeal from the Marion Superior Court, No. 49F07-1212-CM-81589
The Honorable Marshelle Broadwell, Judge Pro Tempore

On Transfer from the Indiana Court of Appeals, No. 49A04-1303-CR-110

**June 27, 2014**

**Dickson, Chief Justice.**

Following a bench trial, defendant Tin Thang was convicted for Public Intoxication, a class B misdemeanor. He appeals his conviction, arguing that the State failed to present sufficient evidence to prove one of the statutory elements for Public Intoxication—that he had endangered himself or others. The Court of Appeals agreed and reversed Thang's conviction. Thang v. State, 2 N.E.3d 702 (Ind. Ct. App. 2013). We granted transfer and now affirm the trial court.

On December 2, 2012, police officer Michael Agresta was on patrol on the southwest side of Indianapolis. Officer Agresta was exiting the restroom of a local gas station, when the gas station attendant drew his attention to the defendant and told him that the defendant seemed intoxicated. Officer Agresta approached the defendant, who had entered the gas station while he was in the restroom, and observed that the defendant "was standing very unsteady, swaying back and forth," had "eyes [that] were red and bloodshot," and "smelled of an odor of alcoholic beverage." Tr. at 7. Officer Agresta also observed that a car was now in the gas station parking lot that had not been there prior to his entering the restroom. Other than the gas station attendant and Officer Agresta, the defendant was the only other person at the gas station. Suspecting that the car belonged to the defendant, the officer ran a vehicle license plate check, which verified that the defendant was the car owner. Officer Agresta also found the keys to the car on the defendant's person. "Believing that [the defendant] had endangered the lives of others, including himself," Officer Agresta placed the defendant under arrest for Public Intoxication and had the car towed because no one else was present to whom the car could be released. *Id.* at 8.

The defendant was convicted of Public Intoxication, a class B misdemeanor, which, in relevant part, is defined as follows:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol . . . if the person:
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a) (2012). On appeal, the parties do not dispute that the defendant was intoxicated in a public place. The defendant argues, however, that the evidence was insufficient to "prove beyond a reasonable doubt that he endangered himself or anyone else." Appellant's Br. at 3. The State argues that evidence establishes that the defendant endangered his own life and another person's life and also alarmed another person, any of which would support the conviction.

The Court of Appeals found the evidence insufficient to establish that defendant had endangered himself, endangered others, or alarmed another person. As to the "alarms another per-

2

son" element, we summarily affirm the Court of Appeals. We granted transfer, however, to address whether the proof of the endangerment element can be established by reasonable inferences drawn from the evidence.

When an appellate court reviews the sufficiency of the evidence needed to support a criminal conviction, it neither reweighs evidence nor judges the credibility of witnesses. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). The appellate court only considers "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. (quoting Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008)). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Bailey, 907 N.E.2d at 1005. A verdict of guilt may be based upon an inference if reasonably drawn from the evidence. *See* Drane v. State, 867 N.E.2d 144, 147 (Ind. 2007).

In a rare departure from this general rule allowing fact-finders to draw reasonable inferences, we have, however, recognized an exception in cases involving the element of "endangerment" in the offense of Operating a Vehicle While Intoxicated [OWI] as a class A misdemeanor.[1] Outlaw v. State, 929 N.E.2d 196, 196 (Ind. 2010), *expressly adopting* Outlaw v. State, 918 N.E.2d 379 (Ind. Ct App. 2009). In Outlaw, we acknowledged that prior decisions had found that a showing of intoxicated driving, without more, was adequate to prove endangerment. 918 N.E.2d at 382, *expressly adopted by* 929 N.E.2d at 196. Responding to a 2001 statutory amendment that had expanded the penal alternatives for OWI to create a class C misdemeanor level of the offense that excluded the "endangerment" element, while retaining this element for the offense as a class A misdemeanor, Outlaw held that, to support a conviction for OWI as a class A misdemeanor, "the State was required to submit proof of 'endangerment' that went beyond mere intoxication." *Id.* at 382. This unique holding was necessary to give separate effect and meaning to the legislative changes that created independent penal consequences for OWI depending on whether it involved "endangerment" (a class A misdemeanor) or not (a class C misdemeanor). Outlaw pointed out that the State cannot claim that the same evidence that proves the class C

---

[1] The offense of Operating a Vehicle While Intoxicated as a class A misdemeanor is committed when an intoxicated person "operates a vehicle in a manner that *endangers* a person." Ind. Code § 9-30-5-2(b) (2012) (emphasis added).

misdemeanor also proves the additional element of endangerment for the class A misdemeanor. *Id*. at 381. Construing the OWI statute in this way expanded the ability of law enforcement to deter and prosecute driving while intoxicated. An intoxicated driver could thus be apprehended for a class C misdemeanor if he or she simply operated a vehicle, but an intoxicated driver would be subject to conviction for a class A misdemeanor if the manner of operation endangered a person. Nothing in Outlaw, however, suggests that the Court intended a general retreat from the deeply entrenched rule of law permitting fact-finders to draw reasonable inferences from the evidence.

The factors discussed in Outlaw are inapplicable to the Public Intoxication statute. In 2012, the General Assembly amended the Public Intoxication statute to add an element of "endangerment," but for reasons different and distinguishable from those that motivated the 2001 changes in the OWI statute.[2] The legislature's modifications to the Public Intoxication statute were in apparent response to this Court's decision in 2011 that affirmed the conviction of an automobile passenger for Public Intoxication. *See* Moore v. State, 949 N.E.2d 343 (Ind. 2011). As explained in Stephens v. State:

> Notably, the General Assembly added these elements to the public intoxication statute in 2012, making it no longer a crime to simply be intoxicated in public. The addition of these elements promotes public policy encouraging inebriated persons to avoid creating dangerous situations by walking, catching a cab, or riding home with a designated driver *rather than driving while intoxicated.*

992 N.E.2d 935, 938 (Ind. Ct. App. 2013) (emphasis added), *trans. not sought*. Thus the legislature's purpose in adding the "endangerment" element to the Public Intoxication statute in 2012 was wholly distinguishable from its particularized objectives in modifying the OWI statute in 2001. The propriety of the fact-finder to draw reasonable inferences from the evidence remains generally applicable, including the determination of proof of endangerment for the offense of Public Intoxication at issue in this case.

In the present case, the evidence shows that Officer Agresta was at the gas station, that

---

[2] The amendments to the statute defining Public Intoxication as a class B misdemeanor added the requirements that the intoxicated person "(1) endangers the person's life; (2) endangers the life of another person; (3) breaches the peace or is in imminent danger of breaching the peace; or (4) harasses, annoys, or alarms another person." Ind. Code § 7.1-5-1-3(a) (2012).

4

the defendant and the defendant's car were present at the gas station when Officer Agresta exited the gas station restroom, that neither the defendant nor his car were there moments earlier, that the defendant was "very unsteady, swaying back and forth," had "red and bloodshot" eyes, and smelled like alcohol, that no one else was present except the gas station attendant, and that the defendant had the keys to his car on his person. Tr. at 7. The defendant recognizes that the trial court probably reasoned and inferred that he "had driven on the public street, thereby endangering himself or others," Appellant's Br. at 4, but he argues that this inference is not permissible because "no evidence was presented that he was observed on the street." *Id.* He argues that Moore v. State, 634 N.E.2d 825 (Ind. Ct. App. 1994), *trans. not sought*, prohibits a fact-finder from drawing an inference from circumstantial evidence that a defendant was on a public street. The defendant argues that absent direct evidence that he was driving on the public street, the trial court cannot find that he endangered himself or others because no evidence exists to suggest that he "endangered himself or anyone else" while at the gas station. Appellant's Br. at 3.

We understand Moore differently. Rather than prohibiting an inference that a defendant's misconduct occurred on public property, Moore only requires that such an inference be based on supporting evidence of probative value. In Moore, the defendant had been convicted for Public Intoxication among other offenses. 634 N.E.2d at 826. The Court of Appeals noted that the charging information only stated that the defendant "was in a state of intoxication at [a private residence], not on the public roads going to the residence." *Id.* at 827. Also, the Court of Appeals found that the uncontroverted evidence was that the defendant "was only observed" in the driveway and backyard. *Id.* Based on those facts, the court held that it would be improper to "broaden the charging information and infer evidence which was not actually presented at trial." *Id.* Moore does not preclude the inference of a defendant's presence on a public street if it reasonably derives from circumstantial evidence before the finder of fact.

As explained above, when determining whether the elements of an offense are proven beyond a reasonable doubt, a fact-finder may consider both the evidence *and the resulting reasonable inferences*. In reviewing claims of insufficient evidence, appellate courts then consider whether a reasonable fact-finder could find guilt beyond a reasonable doubt based on the evidence and the reasonable inferences drawn therefrom. *See* Bailey, 907 N.E.2d at 1005; Henley,

881 N.E.2d at 652; <u>Taylor v. State</u>, 681 N.E.2d 1105, 1110 (Ind. 1997); <u>Brewer v. State</u>, 646 N.E.2d 1382, 1386 (Ind. 1995); <u>Holder v. State</u>, 571 N.E.2d 1250, 1253 (Ind. 1991). <u>Moore</u> does not undermine this longstanding principle.

In the present case, the undisputed evidence established the sudden presence of the defendant and his vehicle at a gas station, his intoxication, his possession of the car keys, and the absence of any other person, thus necessitating removal of the car by towing. From these facts, it is a reasonable inference that the defendant had arrived at the gas station by driving his automobile on the public streets while intoxicated, thereby endangering his or another person's life.

The trial court could reasonably conclude beyond a reasonable doubt that the defendant had been intoxicated in a public place while endangering the life of himself or others. We reject the defendant's claim of insufficient evidence and affirm the judgment of the trial court.

Rush and Massa, JJ., concur.
David, J., dissents with separate opinion in which Rucker, J., joins.

6

**David, Justice, dissenting.**

It is undisputed that the evidence presented at Thang's trial was sufficient to show that he was intoxicated.  And I can agree with my colleagues that reasonable inferences drawn from the evidence could lead a reasonable fact-finder to conclude that Thang drove his vehicle to the gas station—and, presumably, drove on a public street in doing so.  For that matter, I concur in the majority's interpretation of <u>Moore</u>.  But because I believe the relevant criminal statute requires the State to prove more than just this, and because I feel it failed to do so, I cannot join the majority.

Thang was charged under Indiana Code § 7.1-5-1-3(a), which makes it a class B misdemeanor to "be in a public place . . . in a state of intoxication caused by the person's use of alcohol . . . if the person: (1) endangers the person's life; [or] (2) endangers the life of another person."[1]  And the majority concludes:

> In the present case, the undisputed evidence established the sudden presence of the defendant and his vehicle at a gas station, his intoxication, his possession of the car keys, and the absence of any other person, thus necessitating removal of the car by towing. From these facts, it is a reasonable inference that the defendant had arrived at the gas station by driving his automobile on the public streets while intoxicated, *thereby endangering his or another person's life*.

<u>Thang</u>, slip op. at 6 (emphasis added).  I can agree with all but the last seven words.  But those last seven words establish an evidentiary presumption that we have specifically rejected in a closely related—and frequently overlapping—context.

Indiana Code § 9-30-5-2 provides that "a person who operates a vehicle while intoxicated" has committed the offense of Operating While Intoxicated, a class C misdemeanor.  Ind. Code § 9-30-5-2(a).  However, the offense is a class A misdemeanor "if the person operates a vehicle in a manner that endangers a person."  Ind. Code § 9-30-5-2(b).  As the Court of Appeals first recognized, the intent of this two-part statute—the product of a 2001 amendment—"was to

---

[1] I agree with the majority's decision to summarily affirm the Court of Appeals with respect to its analysis of Ind. Code § 7.1-5-13(a)(4).

remove the 'endangerment' requirement from the general definition of intoxication and create the new offense of Class C misdemeanor OWI without an endangerment requirement." Vanderlinden v. State, 918 N.E.2d 642, 645 (Ind. Ct. App. 2009), trans. denied; see also Sesay v. State, 5 N.E.3d 478, 484 (Ind. Ct. App. 2014). "By definition the statute requires more than intoxication to prove endangerment." Vanderlinden, 918 N.E.2d at 645.[2]

Another panel of the Court of Appeals, in Outlaw v. State, looked at this same question and reached the same conclusion. 918 N.E.2d 379 (Ind. Ct. App. 2009). To prove the elements required for class A misdemeanor OWI, "[t]he element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." Id. at 381. "Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction," but "[b]y definition, the current statute requires more than intoxication to prove endangerment." Id. at 381–82 (citing Vanderlinden, 918 N.E.2d at 642). Outlaw then expressly notes that prior case law—equating intoxication with endangerment—had been abrogated by the current statutory scheme. Id. at 382.

> Thus, we hold that the State was required to submit proof of "endangerment" that went beyond mere intoxication in order for the defendant to be convicted of operating while intoxicated, as a Class A misdemeanor. Here, the traffic stop of Outlaw's vehicle was based on a non-illuminated license plate rather than erratic or unlawful driving, and no evidence other than the intoxication suggests that Outlaw was operating his motor vehicle in a manner that would endanger himself, his three passengers, or any other person. Indeed, the State concedes that "there is no evidence that [Outlaw] operated his vehicle in an unsafe manner . . . ."

Id. at 382 (internal footnote omitted).

We then granted transfer and adopted the Court of Appeals opinion in Outlaw, concluding that the Court of Appeals was correct in rejecting the State's argument "that evidence of 'in-

---

[2] In Vanderlinden, the Court of Appeals rejected the State's argument that the defendant's intoxication alone was sufficient to show endangerment, Vanderlinden, 918 N.E.2d at 645, but nevertheless affirmed the defendant's conviction for class A misdemeanor OWI because the defendant had been speeding, id. at 646 (declining to determine precise extent of speeding required to show endangerment, but concluding "that driving fifty-one miles per hour in a thirty-five mile per hour zone is sufficient").

toxication' should be sufficient to prove 'endangerment'" under the current version of the OWI statutes. Outlaw v. State, 929 NE.2d 196, 196 (Ind. 2010). Thus, the rule that the State must show something additional—on top of intoxicated driving—to prove endangerment in the case of an OWI conviction is part of this Court's very recent jurisprudence.

I am not certain that we can reconcile that with the Court's holding today. Because it appears, at least somewhat, that the majority has implicitly adopted the very presumption that we rejected in Outlaw: it permits the evidence of Thang's intoxication, coupled with circumstantial evidence of driving, to also satisfy the proof requirement for the element of endangerment. In other words, it seems as though the majority holds that for purposes of the public intoxication statute, drunk driving is endangerment in and of itself—even though that would not be true if Thang were actually charged with drunk driving.

The explanation is that the General Assembly's intent in modifying the public intoxication statute was different than the objectives it had in mind when amending the OWI statutes. I cannot agree.

The General Assembly modified the OWI statutes by separating them into two offenses, adding a specific element of endangerment to the higher level of charge and indicating that, at the lower level, a person could drive while intoxicated without endangering others. And when it amended the public intoxication statute in 2012 it likewise added a specific element of endangerment. If anything, I believe this reflects the same intent for both statutory provisions: to make the fact of endangerment a separate and distinct element from intoxication, that the State must prove beyond a reasonable doubt.

This intent is also reflected in the General Assembly's 2001 amendment of the definition of "intoxication," which previously said that a person was intoxicated when he or she was under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties *to an extent that endangers a person*." Ind. Code § 9-13-2-86 (1991) (emphasis added). But after 2001, the endangerment portion of the definition of

3

intoxication was removed. See Ind. Code § 9-13-2-86 (Supp. 2001); Act of May 9, 2001, P.L. 175-2001, § 1, 2001 Ind. Acts 1131; see also Ind. Code § 35-46-9-2 (Supp. 2013).

So before 2001, intoxication presumed—or, rather, required—endangerment. Afterwards, by statutory definition the two terms became separate and distinct. Under today's holding, however, they are one and the same again—but only in the precise factual context (drunk driving) which caused the General Assembly to separate them in the first place.

The alternative take-away from today's opinion is that if the endangerment element remains an independent element to be proven beyond a reasonable doubt, i.e., that intoxicated driving is not per se endangerment, then the majority sustains Thang's conviction on its belief that the fact-finder could draw a reasonable inference from Thang's intoxicated appearance at the gas station, to his act of driving, to a distinct endangerment element. However, I do not believe there is any evidence in the record to sustain this leap of faith.

It is at most a reasonable inference that Thang drove to the gas station drunk, as there is no direct evidence of his doing so. Certainly he arrived at the gas station somehow, and with the keys in his possession and no other apparent driver, a jury could probably infer that Thang was the vehicle's driver.

But by the same token there certainly is no evidence in the record as to the *manner* in which he drove: Did he drive safely and obedient to the traffic laws? Did he swerve across the fog line? Did he nearly drive into a telephone pole? Was the road upon which he drove winding or dangerous? Did he nearly strike a pedestrian or bicyclist? Did he speed or act erratically? Were there even any other cars on the road? If Thang had to do something apart from simply drive drunk to endanger himself or another, then what did he do? We simply do not know, because there was no evidence introduced at trial that would tend to show any of those things.[3]

---

[3] It is true that in the context of an OWI, "[t]he element of endangerment can be established by evidence showing that the defendant's condition or operating manner *could* have endangered any person, including the public, the police, or the defendant." Outlaw, 918 N.E.2d at 381 (emphasis added); Thang v. State, 2 N.E.3d 702, 705 n.3 (Ind. Ct. App. 2013). And reasonable persons might say that "[t]he argument could be made that driving a vehicle while intoxicated always endangers someone." Vanderlinden, 918 N.E.2d

The decision today effectively vitiates the endangerment element from the public intoxication statute under these circumstances, as the State need no longer present any evidence beyond the fact of the defendant's intoxicated driving of a vehicle. Thang v. State will be the guidepost that affirms all such convictions on sufficiency review.

Today's result also muddies the judicial water and will create unusual possibilities for the State, defendants, judges, and juries. By way of example, imagine a hypothetical police officer pulling over a driver on an Indiana highway for a non-driving related reason, such as a tail light being out. See Outlaw, 918 N.E.2d at 380 (defendant stopped for improperly illuminated license plate). And on approaching, the officer discovers that the driver is intoxicated. But the driver had committed no driving errors. He or she had not swerved, changed lanes without signaling, and was travelling below the speed limit.

Under the OWI statutes, the State could charge that driver with class C misdemeanor OWI but *not* class A misdemeanor OWI, because the proof of intoxication while driving is not sufficient to show endangerment and the General Assembly has clearly reserved that higher level of offense for circumstances involving additional conduct beyond intoxication. But based on the majority's decision today, the State *could* charge that driver with class B misdemeanor public intoxication and use the evidence of intoxication to also prove endangerment. In essence, today's holding also vitiates the class C misdemeanor OWI statute under these facts as the State can always seek a higher penalty by using a different criminal statute.

---

at 645 (quoting Wells v. State, 848 N.E.2d 1133, 1147 (Ind. Ct. App. 2006), trans. denied, cert. denied). But that could be said about any number of activities, and that is not how the General Assembly has delineated the elements of this crime.

The public intoxication statute does not speak in terms of "might" endanger or "could have" endangered—it says "endangers." See Sesay, 5 N.E.3d at 485 ("[S]peculation regarding things that *could* happen in the future is not sufficient to prove the present crime of public intoxication."). "If it is sufficient to speculate about all the various things that *might* befall a person," then the General Assembly's addition of the endangerment prongs to the public intoxication statute would have no meaning "because there is virtually no scenario in which a person in a public place would not be found guilty of public intoxication for simply being intoxicated." Id. at 486. "Such a construction would stretch the statute to an absurdity." Id.

Or in another example, imagine if Thang had walked out of the gas station, gotten in his car, and driven away before being arrested. He drove without violating any apparent traffic regulations or laws (other than being intoxicated), but because there might be some gray area as to that question, the State charges Thang with public intoxication as a class B misdemeanor and OWI as both a class C and class A misdemeanor. The fact of Thang's intoxication *could* be used to prove endangerment for the public intoxication charge, but could *not* be used to prove endangerment for the class A misdemeanor OWI. I pity the judge who must explain that to a jury in his or her final instructions, and I feel for the jurors who must sort out the distinction.

Even under the facts today, the blurriness is apparent. The State could have charged Thang with class C misdemeanor OWI, using the circumstantial evidence of his driving and the direct evidence of his intoxication as proof. And it probably should have done so, as Thang likely committed that offense. It could not, however, have succeeded in convicting Thang of class A misdemeanor OWI as there is no evidence of his manner of driving that would prove the element of endangerment. But today the majority affirms Thang's conviction for class B misdemeanor public intoxication, using the very same circumstantial evidence of driving that would have sustained the class C misdemeanor OWI, and then inferring from it sufficient evidence to prove the endangerment in a way that would be impermissible under the class A misdemeanor OWI. It simply does not pass the common-sense test.

This cannot be what the General Assembly intended in amending the public intoxication statute—which it did after <u>Outlaw</u>'s determination of the relationship between "intoxication" and "endangerment"—and as such should not be how we interpret or apply it. <u>See</u> <u>Bailey v. State</u>, 979 N.E.2d 133, 141 (Ind. 2012) ("Certainly, had the General Assembly disapproved of our approach . . . it could have done so. In the absence of such a change, we think it fair to infer a persuasive degree of legislative acquiescence with respect to our approach."); <u>Sales v. State</u>, 723 N.E.2d 416, 420 (Ind. 2000) ("The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result."); <u>Sanders v. State</u>, 466 N.E.2d 424, 428 (Ind. 1984) ("[S]tatutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious statutory scheme."). The better way forward, I think, would be to use the same approach for both statutes:

6

evidence of intoxication, standing alone, cannot also serve as the evidence that the defendant charged with public intoxication endangered himself or herself, or another person.[4]

This is not how we have chosen to interpret our OWI statutes and I see no reason to interpret identical terms in the public intoxication statute—particularly in this factual context—any differently. The majority opinion does not give us clear guidance going forward. And because I believe the State failed to show that Thang endangered himself or another person—beyond its at-best circumstantial showing of intoxicated driving—I therefore vote to reverse the trial court.

Rucker, J., joins.

---

[4] This, in fact, is what the Court of Appeals seems to already be doing. See Sesay v. State, 5 N.E.3d 478, 484–85 (Ind. Ct. App. 2014) (applying rationale from Vanderlinden and Outlaw to Ind. Code § 7.1-5-1-3(a)(1)). "Here, too, something more than mere intoxication is now required to prove a person has committed the crime of public intoxication. The State conceded as much at oral argument." Id. at 485; see also id. at 487 (Bradford, J., concurring in result). ("Intoxication alone is insufficient to sustain a finding of endangerment."). The majority's decision today thus overrules Sesay without mentioning it.